JOHN WALKER, APPELLANT, *vs.* GEORGE PARKER AND OTHERS, APPELLEES.

The testator devised to his wife one-third of his personal estate forever, for her own proper use and benefit, and also one-third of all his real estate, during her lifetime, and in the event of her death, all the right in real property bequeathed to her should be, and by the will is, declared to be vested in his infant son. The testator then proceeded to devise sundry lots and houses to his mother, his sisters, his brothers, separately, and his son. These are given to their respective devisees "as their property forever." He then devised the balance of his real estate to his infant son, "forever," believed to be certain lots specified in the will. Held, that the wife took under the will, one-third of all the real estate of the testator, during her life, and that his son took a fee simple in one-third of the property given to the brothers and sisters of the testator, subject to the devise to his mother, and a fee simple in all the real estate, specifically devised to him, subject to the devise of one-third to his mother, during her life.

The devisee of one of the lots devised to him forever, which the Court held was subject to the right to one-third in the wife of the devisor, and one-third after her decease, in fee to the son of the devisor, cannot, by a proceeding in Chancery, compel a sale of the property devised, or a partition; without the Court are satisfied it would be for the benefit of the infant son to make such sale, and without the consent of all the other parties interested in the property.

APPEAL from the Circuit Court of the United States for the county of Washington, in the District of Columbia.

The appellant, John Walker, filed a bill in the Circuit Court of the county of Washington, stating that James Walker, late of Washington, by his last will and testament, had bequeathed to him and to his then wife, Ann Sophia Walker, since intermarried with George Parker, one-third of his real estate, during her life, and in the event of her death, all the right bequeathed to her is declared to be vested in his infant son, James Walker. James Walker, the son, claims the right in fee simple, after her death, of the portion of the estate devised by the testator to his wife. The testator in a subsequent part of his will, bequeathed other parts of his estate in fee to other persons; and among them to his said infant son, James Walker. The bill then states the particular estates devised by the will to the complainant himself, and the others of the family of the testator; and alleges the same to have been devised to them in fee simple, free and clear of any right of the widow of the testator, or of his son.

Ann Sophia Parker, who was the wife of the testator, James Walker, and her present husband, George Parker, the bill states, insist upon the right of the said Ann to one-third of the lots and houses bequeathed by the will; and refuse to permit the complainant to dispose of the same, and claim a right to exact one-third of the rents thereof, and to have a right to rent the same as they please.

The bill proceeds to state, that the complainant is advised that Ann Sophia Parker and her husband, have no right in the lots held by him under the will of James Walker, nor has any other person a right to them to his prejudice; but should the Court think differ-

ently, the bill states, that the property cannot be divided without great injury; and that the complainant is desirous to sell the lots and property devised to him, and those under whom he holds. The complainant states, that he is desirous to have the exclusive control of his own property; and that if the said Ann Sophia has a right of dower in the property, he asks that the same be assigned to her; and that the rights of the minor be assigned: and if this cannot be done, that the property be sold, and out of the proceeds of the sale, an equivalent be allowed for their interest therein.

The bill asks, that Ann Sophia Parker, and the infant son of the testator, and his testamentary guardian, be enjoined from setting up any claim to the property held by him, or to which he is entitled, under the will of James Walker; and that he may be quieted in his possession and enjoyment of the premises. The bill also asks for further and general relief.

The will of James Walker was made on the 17th day of September, 1832, and admitted to probate on the 25th day of September, in the same year.

The material parts of the will are the following:

"I bequeath and give to my dearly beloved wife, Ann Sophia Walker, one-third of the whole of my personal estate, forever, for her own proper use and benefit; and also one-third of all my real estate, during her lifetime; and in the event of her death, all the right in real property hereby bequeathed to her shall be, and is hereby declared to be vested in my dear and infant son, James Walker.

"I bequeath and give to my dearly beloved brother, John Walker, forever, all of lot numbered six, in square one hundred and six, with the two-story brick house, back building, and all appurtenances thereto belonging.

"I bequeath and give to my dearly beloved brother, Lewis Walker, forever, lots twenty-three, twenty-four, and twenty-five, in square numbered one hundred and six, together with a two-story brick building, with a basement story, back building, and all appurtenances thereto belonging, and erected on one or more of said lots.

"I bequeath and give to my dearly beloved brother, Henry Walker, forever, lot numbered six, in square four hundred and three, together with the improvements thereon erected, and appurtenances thereto belonging.

"I bequeath and give to my dearly beloved sister, Margaret Peck, lots numbered twenty-one, twenty-two, twenty-six, and twenty-seven, in square numbered one hundred and six, together with a two-story frame house erected on lot number twenty-seven, as her property forever.

"I bequeath and give to my dearly beloved sister, Louisa Ballard, forever, lot numbered four, in square numbered four hundred and thirty-two, together with the three-story brick house erected thereon, and all the appurtenances thereto belonging.

"I bequeath and give to my dearly beloved sister, Sarah M'Callion, part of lot numbered eight, in square numbered seventy-four, together with the frame house erected thereon, as her property forever.

"I bequeath and give to my dear and infant son, James Walker, lot numbered twenty-two, in square numbered three hundred and fifty-two, together with two two-story brick houses, and other buildings thereto belonging, as his property forever. I also bequeath and give to my infant son, James Walker, forever, the balance of my real estate, believed to be and to consist in lots numbered six, eight, and nine, with a house, part brick and part frame, erected on one of said lots, in square one hundred and sixteen; lots thirty-one, thirty-two, and thirty-three, in square numbered one hundred and forty, and a slaughter-house erected on one of said lots; lots numbered eight and eleven, in square numbered two hundred and fifty; and lot numbered twenty-eight, in square numbered one hundred and seven. And further, I bequeath and give to my infant son, James Walker, one thousand dollars, to be paid out of my personal estate to, and applied, at the discretion of his guardian, hereinafter appointed, for the education of my son, James Walker. The balance of my personal estate, whatever it may be, I desire shall be equally divided between my mother, Dorcas Walker, my sister, Sarah M'Callion, and my brothers, John, Lewis, and Henry Walker."

The defendants all answered, (including the minor James Walker, whose answer is put in by George Cover, under a special appointment or him by the Court to answer for said infant,) and substantially admit the facts stated in said bill; but they all, with the exception of Peck and wife, aver that the property cannot be divided without prejudice, and refuse to agree to a sale.

The case being submitted on bill, answers, and exhibits, the Court dismissed the bill: from which dismissal this appeal was taken by the complainant.

The case was argued by Mr. Brent, Jun., and Mr. Key, for the appellant; and by Mr. Bradley, with whom was Mr. Redén, who submitted a printed argument, for the appellees.

For the appellant, it was contended:

1. That the Court has jurisdiction of this case under the circumstances.

2. That neither the widow, Ann Sophia, nor the infant, James Walker, has any right, under the will, in the property devised to the complainant.

3. That even if the Court shall think the widow has one-third of each specific lot devised by the testator, yet the infant, James Walker, has under the will no greater estate or interest in the complainant's property than a life estate; and that the Court should have so decided.

4. That, as the bill makes an alternative prayer, the Court should

[John Walker *vs.* George Parker et al.]

have ordered partition between these tenants in common, if they are so on a true construction of the will; or a sale, if a partition could not be made.

Mr. Brent and Mr. Key contended, that the devise in the will of James Walker was of one-third of third of the real estate in value; and this was to be made up out of the residuary estate. If it can be shown that there is a fund which can be made to contribute, it should be brought in. The principle of law is, that where there is a charge on the real estate, the residuary estate is first to be taken to satisfy it; and until this is exhausted, the real estate is not chargeable. Cited, 3 Paige's Chancery Rep. 316. This is a case in which a Court of Chancery will bring in the residuary estate, in order to carry into effect the several purposes of the testator.

As to the rights of the infant son of the testator, it was argued, that he took nothing in the property given to the wife, after her death. The words "forever," which are used in the bequests to others, are not used in the devise to him of the property given to his mother. Cited, Russel *vs.* Milner, 4 Eng. Chan. Rep. 549. 564. 2 Harris. and John. 142. "All the right" given by the will to his son, is all the right in the real estate given the widow.

Under the laws of Maryland, the Chancellor may in such a case as this, decree a sale of the property. Act of 1785, ch. 72, sec. 12. Act of 1794, ch. 60, sec. 8. But if the devises of the testator's will are construed to give the appellees the estates they claim, the complainant has a right to a partition. A bill for a partition is a matter of right, when a title is shown in the complainant. Jeremy on Equity Jurisdiction, 303. Ambler, 236.

It ought not to be considered that it was the intention of the testator to give one-third of all his estate to his son. It was a large property, and he meant to give a liberal portion of it to others of his family.

For the appellees, it was argued:

The widow and infant son of James Walker contend, that they are entitled, under the first devise in his will, to one undivided third of the whole of his real estates,—the widow, for life, and the son in fee. The complainant, a devisee of part of his real estate, denies the right of the widow and son.

The first difficulty arises out of this denial. The proceeding is in chancery, under the acts of assembly of 1785, ch. 72, sec. 12, and 1794, ch. 60, sec. 8. The first act authorizes the Court to decree a sale, where an "infant" has a joint interest or interest in common with any other person, on its appearing to the Chancellor "that it will be for the interest and advantage both of the infant and of the other person to sell," &c. The second act, in the same case, where an infant is concerned, authorizes a partition. The complainant denies that the infant in this case has any estate or interest in the property in controversy.

But it is only where an infant is concerned, that the Court is authorized, by these acts, to decree either partition or sale. Does the complainant make a case for the action of the Court, without admitting that the infant has some estate in the premises? And may not the decree dismissing the complainant's bill, be sustained on the ground of his own denial of the infant's right?

The 8th sec. of the act of 1786, ch. 45, to direct descents, has no application. It relates to a case of intestacy, and to the common law side of the Court. This is the case of a devise, and the proceeding is by bill on the chancery side of the Court, under the two acts above mentioned.

The only ground on which an application for a petition can be made, is that it is for the benefit of all the parties. This is denied, and no proof was made to sustain this allegation in the bill.

But the widow and son are entitled to one undivided third of the house and lots in this suit under the will. The primary intention of the testator is to provide for his wife and son. With this view, he first carves out of his whole real estate one-third, and gives it, by the first clause of his will, to his wife, for life ; " and in the event of her death, all the right in real property hereby bequeathed to her, shall be vested in my infant son." " In the event of her death," means after her death ; and the words " hereby bequeathed," refer to the real property, and not to the right or estate, given to her. " Right in real property," are words large enough to pass a fee. Nicholls vs. Butcher, 18 Ves. 193. 16 East, 221. 6 Cru. Dig. 240. Newkirk vs. Newkirk, 2 Caines' Rep. 345.

The testator then goes on, and gives a particular house and lot to the complainant ; and the residue of his real estate he gives to his son; first by a specific devise, and then by a residuary clause.

The words of the first devise, disposing of the third in his whole estate, are clear. Effect must be given to every expression in a will, if possible. Smith vs. Bell, 6 Peters, 76. Ram. on Wills, 97. Law Lib. No.    p. 58.

It is said that the devise of that third is inconsistent with the devise to the complainant of the house and lots. The cases of inconsistency put in Cruise (6 Cru. Dig. 164, 408) are, where the whole of an estate is given to one, and the whole of the same estate is, by a subsequent clause, given to another. But here the whole of the lots claimed by the complainant is not given, first to the wife and son, and then to the complainant; one-third only is given by the first devise to the wife and son, leaving two-thirds to pass, by the second devise to the complainant.

And this was the meaning of the testator. He intended that his wife should take one-third, and the complainant all that was left : as if he had said that the gift in the second devise shall be subject to the part of the lots he had previously given by the first devise. It was not necessary he should say expressly, in the latter clause, that

the gift thereby made was to be subject to the gift made by the former. It is necessarily implied.

The objection of inconsistency applies, if at all, as forcibly to the wife as to the son. But can it be doubted that she takes one-third of the whole of the real estate under the first clause of the first devise? And do not the words of the second clause give that third, after her death, to the son, with as much clearness as the preceding words give it to the wife?

Does the wife take one-third in the lots given to the son by the specific devise in his favour? How can she, if the complainant's rule of construction is to prevail? Is there any substantial difference in the words of devise? To say that the complainant shall take the whole of this house and lot, would be to say, that the wife shall not take one-third of the whole real estate, but one-third of part only.

Our construction makes the whole will harmonize, and gives operation to every clause. It makes the first devise dispose of one-third of the premises to the wife and son, and the second, of the remaining two-thirds to the complainant. Their construction requires the total rejection and expunging from the will of the clause in favour of the son. Give the complainant the whole of these premises, and there would be nothing upon which that clause could operate. The son would take the lots specifically devised to him, under the devises in his favour, or as heir at law. Unless the second clause of the first devise had been inserted, the third of the premises in controversy, given to the wife for life, would, on her death, have vested in the complainant. It could be inserted for no other purpose than to intercept that third, and vest it in the son.

If that clause be a kind of residuary devise, it is so of one-third only; and the subsequent specific devises would not derogate from it, so long as there was any thing for those devises to operate on.

Suppose, then, that the wife and son are entitled to one undivided third part of the house and lots in question; were the Court right in dismissing the bill? The proceeding is under the two acts of '85 and '94, which authorize a sale or partition, on the Court's being satisfied that it would be for the interest and advantage of the infant and other person to sell, &c. The complainant ought to have proved that fact. In the case of an infant, nothing can be taken for granted. But the answer denies that it would be for the infant's interest and advantage to have the house and lots in question divided and sold; which is responsive to the bill.

There is no proof that the Court could not therefore be satisfied that it was for the advantage of the infant and other party, that there should be a division or sale, and could not so decree.

Mr. Justice M'LEAN delivered the opinion of the Court:

This is an appeal from the decree of the Circuit Court for the District of Columbia.

[John Walker *vs.* George Parker et al.]

The complainant filed his bill, stating that, as devisee of James Walker, he claims the fee in lot numbered six, in square one hundred and six, with all the improvements thereon, in the city of Washington; and also under a deed from Margaret and James Peck, lots numbered twenty-one and twenty-two, in the same square, which lots were devised to the said Margaret in the same will. And that the wife of the devisor, since intermarried with George Parker, claims under the will one-third of the above property during her life, and that at her death it shall go to the son of the deceased named in the will.

And the complainant insists that he is entitled to the whole of the property, free from the claims of the wife of the devisor or her son; and he prays that the Court may so decree. But if the Court should think that he is only entitled to two-thirds of the property, then he asks a division of it, or that it may be sold, as shall be deemed proper.

The wife of the devisor and her present husband, and the infant son, by guardian, assert their interest in one-third of the premises in their answers; and are opposed to a sale or division of the property because, among other reasons, it would be prejudicial to the interest of the infant son and devisee of the deceased.

Almost every part of the will has some bearing on the question raised by the complainant.

In his first devise, the testator says, "I bequeath and give to my dearly beloved wife, Ann Sophia Walker, one-third of the whole of my personal estate forever, for her own proper use and benefit; and also one-third of my real estate during her lifetime; and in the event of her death, all the right in real property hereby bequeathed to her, shall be, and is hereby, declared to be vested in my dear and infant son, James Walker."

He then gives to his mother, "forever," a certain lot with its improvements. And then follows the devise to the complainant in these words: "I bequeath and give to my dearly beloved brother, John Walker, for ever, all of lot numbered six," &c. The devise of the two lots to Margaret Peck is, that they shall be "her property forever."

Several other devises of real property are made in the same form, to his brothers and sisters; and then he says, "I bequeath and give to my dear infant son, James Walker, lot numbered twenty-two, in square numbered three hundred and fifty-two," &c. "I also bequeath to him forever, the balance of my real estate, believed to be and to consist in lots numbered six, eight and nine, in square one hundred and sixteen; lots thirty-one, thirty-two and thirty-three, in square numbered one hundred and forty; lots numbered eight and eleven in square numbered two hundred and fifty, and lot numbered twenty-eight in square numbered one hundred and seven."

It is contended by the counsel for the complainants, that the specific devises to the brothers and sisters of the deceased, show his in-

tention to give to them the property devised, clear of all encumbrance; and that the devise of the real estate to the widow, must be satisfied out of the residuary devise to the infant son of the deceased.

The devises are inconsistent with each other, but they are not entirely so. The whole of any specific property is not devised to each of two devisees. The devise of one-third of his real estate to his wife, and at her death to his son, is, to this extent, inconsistent with the specific devises which follow, and which dispose of all his real estate.

The devise of the "balance" of his real estate to his infant son, goes on to describe particularly the property.

From his first devise to his wife, there can be no doubt that the testator intended to give her what the law allowed her to take, And it cannot be supposed that by the subsequent specific devises, he designed to defeat this arrangement. It is equally clear that he intended, on the death of his wife, that the property devised to her should go to his son.

The construction urged, that "all the right in real property hereby bequeathed to her," shall go to his son, means a life estate only in one-third of the real property, to the son, cannot be sustained. The words, "all the right," fairly import the entire or perfect right, "in the real property given to his wife." This reference to the devise to the wife, is descriptive of the extent of the property to be vested in fee in the son. The right of his wife was to terminate at her death, and it would be inconsistent to suppose that the testator would dispose of the same right, and no more, to his son.

This devise to his wife and son is a leading devise in the will. It was first in the mind of the testator, and must limit and control the other devises. The devises to the son are as specific as those to other persons; and there would seem to be little or no ground for the construction, that the devise to the wife must be satisfied out of the devises to the son. One-third of the entire real estate is given to the wife, and on her death this third goes to the son; and in the conclusion of the will certain lots are also specifically devised to the son. The son, in common with the other devisees, takes the lots specifically devised to him, subject to the devise of one-third to his mother, and at her death he takes this third of these lots; and one-third of each specific devise in the will.

This construction gives effect to the different devises of the will; and it would seem to be the only mode by which the intention of the testator can be effectuated. And it is in accordance with that well settled rule in the construction of wills, which regards the interest of the heir at law.

With the exception of the devises to the wife and son, all the devises are collateral, and take the property from the line of descent established by law.

. P 2

If the complainant can hold the lots claimed by him free from the devise to the wife of the testator, by the same rule every other devisee in the will must hold in the same manner. And this would defeat the leading devise, for the entire real estate is specifically disposed of in the will.

If the devise to the wife be thrown upon the specific devises to the son, it not only violates the rule which it is claimed exempts the specific devises from this devise to the wife; but supposes that the testator first devises to his wife and son one-third of his real estate, and then at the conclusion of his will gives specific devises to his son, which are intended wholly as to him to annul the first devise.

This construction would do injustice to the language of the testator, and defeat his intention.

Had the widow taken a life estate under the law, her interest of one-third would have extended to every part of the real property of her deceased husband. And as the devise is made in as general terms as the statute which gives dower, it must have the same effect.

This construction of the will defeats the main object of the complainant's bill. But his counsel insists that the part devised to the wife should be set off, or the sale of the property ordered.

The bill does not seem to have been framed with a view to a partition or sale of the estate. Several of the devisees, all of whom are interested in such a proceeding, are not made parties. And a partition or sale is opposed by the infant son and his mother, as injurious to his interest. And the rights of the mother and son are so intimately blended that any proceeding which shall affect the life estate must affect the inheritance.

A partition or sale of this estate is regulated by the statutes of Maryland.

The 12th section of the act of 1785, chapter 72, provides, that where an infant has an interest in lands, and it shall appear to the Chancellor upon application of any of the parties concerned, and upon the appearance of the infant, that it shall be to the interest and advantage of the infant, to have the land sold; he may order a sale.

And in the 8th section of the act of 1794, ch. 60, it is provided, on a similar application and appearance of the infant, as stated in the above statute, for a partition, if the Chancellor, "upon hearing and examining all the circumstances, shall think that it will be for the interest and advantage of all parties concerned," he may order a partition.

In this case there is no evidence which will enable the Court to judge whether a sale or partition of the property, would be to the advantage of the infant and the other parties. And it should hardly be expected that this Court, in the absence of all evidence, should decree either of these alternatives against the answer.

-[John Walker *vs.* George Parker et al.]

The complainant may be subjected to some inconvenience by holding the property as tenant in common with the devisee of the testator; but it was a condition imposed by the terms of the will. And this Court, acting under the law of Maryland, cannot remedy this inconvenience; unless the complainant shall bring himself clearly within the provisions and policy of that law.

The decree of the Circuit Court dismissing the bill is affirmed with costs.