HENDERSON, Guardian, v. GREEN.

Will: SPECIFIC AND RESIDUARY DEVISES. A will, after devising all of
the testator's real estate to his widow for life, devised a specific tract
thereof to another devisee, and to a third one "the balance" of his
real estate. *Held*, that the last devise was to be deemed a specific
rather than a residuary devise, and that the devisee therein might
compel contribution from the other devisee for a portion of the land
embraced therein taken for debts and the dower of the widow, who
elected not to take under the will.

*Appeal from Dubuque District Court.*

THURSDAY, JULY 25.

THIS action is brought by one legatee, to compel contri-
bution by another, for the real estate devised to the former,
which had been taken for dower and debts. The will,
under which both parties claim, was made on the 27th day
of April, 1869, the testator then being on a bed of sick-
ness and expecting death, which occurred four days there-
after, and is as follows :

I, James B. Kitter of the township of Whitewater, in
the county of Dubuque and State of Iowa, do make and
publish this, my last will and testament, in manner and
form following : that is to say :

*First.* It is my will that my funeral shall be conducted
without pomp, unnecessary parade or ostentation, and that
the expenses thereof, together with all my just debts, be
fully paid.

*Second.* I give, devise and bequeath to my beloved wife,
Margaret Kitter, in lieu of her dower, if she should so
elect, the plantation on which we now reside, situate in
the township aforesaid, and also the township of Prairie
Creek, in the said county, during her natural life; and all
the live stock, horses, cattle, sheep, swine, etc., by me now
owned and kept thereon, also all the household furniture

and farming utensils by me owned and kept thereon, forever. She shall, however, dispose of sufficient thereof to pay my just debts.

*Third.* I give and devise to Euretta Green the northeast quarter of the north-east quarter of section thirty-six, range one west, township eighty-seven.

*Fourth.* I give and devise to my niece, Emily Susannah Boohar, the balance of my real estate on the following conditions: That she pay W. B. O'Neil, John O'Neil, Mary O'Neil and Elizabeth O'Neil, each $100.

*Fifth.* At the death of my said niece, Emily Susannah Boohar, I give and devise the said real estate to her son, James Boohar, forever.

The whole land devised was two hundred acres. The widow elected to reject the provisions of the will and to take her dower under the statute. Eighty acres out of the one hundred and sixty, devised in the fourth item to Emily S. Boohar, were assigned the widow for her dower; and forty acres of the remaining eighty, devised to Emily, were sold to pay debts. Emily S. Boohar died before this action was brought. The plaintiff stated these facts in his petition; and the defendant demurred because the petition did not state facts sufficient to constitute a cause of action, and stated facts which avoid the cause of action. This demurrer was sustained. The plaintiff appeals.

*Shiras, Van Duzee & Henderson* for the appellant.

*D. E. Lyon* for the appellee.

Cole, J. — This case turns upon the single question whether the devise to Euretta Green, and over, to James Boohar, is a residuary devise. If it is, then the plaintiff is not entitled to contribution, and the demurrer was properly sustained; but if it is not a residuary devise then the plaintiff has stated a case in his petition, and the court erred in sustaining the demurrer.

That a court should, for the purposes of construction, place itself, as far as practicable, amid the surroundings of the testator, and should so construe the will as to effectuate his intent is not questioned. There is no controversy between counsel as to the question upon which the case turns, nor as to the rules of interpretation; hence we need not further state or discuss them.

The second item of the will embraces, under the phrase of "the plantation on which we now reside, situated in the township aforesaid, and also the township of Prairie Creek," all the real property owned by the testator at the time, and contained two hundred acres, in *seven* governmental subdivisions, and which could not be specified by government surveys, in less that *six* separate or distinct descriptions. The specific devise to Euretta Green, being item *third*, is forty acres, contained in *one* of these descriptions. The next item in the will, and the one upon which the controversy arises, devises "the balance of my real estate" to the plaintiff. If the testator, in this item, had specified, in his will, the six remaining governmental subdivisions by their separate descriptions, instead of using the words "the balance of my real estate," it would have been conceded at once, a specific devise. Is it any less a specific devise, because the testator has used a single general description, instead of the six separate descriptions? We think not. The general description was more easy and quite as natural and consistent with the intent to specifically devise it, as if the more extended and particular description had been employed.

In a recent and excellent work on wills, it is said that "it seems to be universally conceded that a devise of real estate is always to be regared as specific, whether the estate is specifically described, or only in general terms, and by reference to other facts and documents." 2 Redf. on Wills (2nd ed.), p. 144, par. 21; citing 1 Rop. 194; *Forrester* v. *Leigh*, Amb. 171, and other cases. The same

author says, also : " The most obvious, and the chief reason, why descended estates have been held liable before devised estates, is, that every devise of real estate is regarded as specific, and this will be so regarded, as we have seen, although the devise be contained in a general clause in the will, or even where it comes under the general words ' all the residue of my estate, real and personal.' " 3 Redf. on Wills (2nd ed.), p. 367, par. 20 ; *sed vide*, as to modifications of this, id. note, 36, and authorities cited. And in *Walker* v. *Parker*, 13 Peters, 166, it was *held*, that a devise of " the balance of my real estate, believed to consist of lots, numbered six," etc., was a specific devise. And further, it was *held*, in *Gibbins* v. *Eyden*, Law Rep. 7 Eq. 371 ; S. C., 17 W. R. 481, that where two estates were subject to a mortgage, and one was specifically devised, and the other passed by the residuary clause, that both estates were equally and ratably holden for the mortgage. In this case it is manifest from the terms of the will, that the testator intended Euretta Green should take the forty acres devised to her, burdened with the dower right of his widow, or, that which he had devised to his wife in lieu of her dower, to wit : her life estate in the whole. And it is eminently just and equitable that her forty acres should contribute to the fund requisite to discharge it from the burden, or its alternate, to which it was expressly subjected by the will under which it is claimed.

Reversed.