IN RE ESTATE OF CHARLES F. BEELAR.

**WILLS:** Rights of Devisee—Liability for Debts. A *specific* devise of real estate is not liable for the debt of the testator until the *residuary* estate is exhausted, unless the testator has indicated a contrary intention in his will.

*Appeal from Floyd District Court.*—JOSEPH J. CLARK, Judge.

NOVEMBER 20, 1923.

APPLICATION in probate for the construction of a will.—*Affirmed.*

*Joseph C. Campbell,* for appellant.

*Thomas A. Beardmore,* for appellee.

STEVENS, J.—Charles F. Beelar died testate, May 21, 1921. His will devised his property as follows:

"I devise and bequeath unto my daughter, Maud J. Shepardson the west half of the northwest quarter of Section nine, Township ninety-four, Range seventeen, and one half of my hotel property, and the remainder of my property, both real and personal, I give to my son, Oscar L. Beelar, and also appoint my son executor of this, my last will and testament, without bonds."

The personal property proving insufficient to pay the debts against the estate, this proceeding was instituted by Oscar L.

Beelar, to secure a construction of the will. Counsel for appellant, in his printed argument, and again in oral argument, upon the submission of the case in this court, earnestly contends that the devise of the real estate as the "remainder of my property, both real and personal," to Oscar L. Beelar, be held to be specific, under the rule of the common law that all devises of real property were specific; and that the debts of the estate be prorated. He relies upon an early decision by this court, *Henderson v. Green,* 34 Iowa 437. The court in this case appears to have recognized the common-law rule. This case is not referred to in any subsequent opinion by the court, and the contrary of the rule there stated is now the settled law of this court. *Wilts v. Wilts,* 151 Iowa 149; *Luers v. Luers,* 145 Iowa 600; *Bales v. Murray,* 186 Iowa 649; *In re Estate of McAllister,* 191 Iowa 906.

The doctrine of the above cases is decisive of the only question presented upon this appeal. We have no way of arriving at the intention of the testator except as the same may be gathered from the will. Unless a contrary intention appears, the debts must be paid out of the residuary estate, and until this has been exhausted, the real property specifically devised to Maud J. Shepardson is exempt from liability therefor. It may be that justice would be more nearly done if we applied the rule of the common law to the facts of this case, but this, of course, we cannot do without overruling or disregarding all of the decisions of this court since *Henderson v. Green,* supra. This we are not inclined to do.

The finding and judgment of the court below is, accordingly,—*Affirmed.*

Preston, C. J., Faville and De Graff, JJ., concur.