## WILLIAMS v. RENWICK.

PLEADING: *Action on foreign judgment.*

In an action on a foreign judgment an answer alleging merely that the court which rendered the judgment had no jurisdiction to render it, because it was rendered upon a complaint which on its face disclosed that the plaintiff had no cause of action, shows no want of jurisdiction of the person or subject matter of the controversy, but only an error in the exercise of jurisdiction, and is therefore insufficient.

APPEAL from *Little River* Circuit Court.

R. D. HEARN, Judge.

Williams brought an action against Renwick on a judgment obtained against the latter by default in the State of South Carolina. The defendant answered the complaint, denying, in the first paragraph of his answer, any indebtedness whatever to plaintiff; and, in the second paragraph, alleging that the Court of Common Pleas in South Carolina, which rendered the judgment sued on, had no jurisdiction to render such judgment, but that said judgment was rendered by said court upon a complaint for relief, which upon its face disclosed that said plaintiff, the appellee, had no cause of action against defendant, and that said court had no jurisdiction to render said judgment or any judgment whatever against him, and that the same is void and without force or effect. To this answer the court sustained a demurrer, and the defendant, declining to answer further, judgment was rendered against him for the amount of the judgment sued on, and he appealed.

*Dan W. Jones,* for appellant.

The authenticated record shows that the court had no jurisdiction of the subject matter. The pleadings show " no cause of action;" the judgment was void; and want of jurisdiction can be pleaded when suit is brought in another State. *11 Ark., 157; 18 Wall., 457; Cooley Const. Lim., *398;* See, also, *47 Ark., 120; 9 Pet., 623.*

Williams v. Renwick.

The complaint shows no cause of action, It sets up a breach of a covenant of warranty, but alleges neither eviction or ouster, or paramount title. No statute of South Carolina authorizing such a suit was read in evidence, and the court could not take judicial cognizance of such a statute, if there was one. *14 Ark., 603, 610; 30 id., 124, 126; 50 id., 237, 240.* In the absence of this evidence it is presumed that the common law is in force in South Carolina. *30 id., 124; 35 id., 331; 50 id., 237.*

No tortious act of a stranger, by which the covenantee is put out of possession, is a breach of the warranty. *3 Bouv. Inst., p. 625; 3 Wash., R. P., * p. 664; Rawle on Cov. Title, secs. 126–7; 21 Ark., 585; 3 Gilm. (Ill.), 180.* An eviction is necessary. *Rawle., sec. 131; 8 Ark., 368; 1 id., 313; 7 id., 132,* and by title paramount, existing before and at the time of the conveyance. *5 Ark., 395; Rawle., sec. 122; 1 Ark., 313; 8 id., 368; 33 id., 598.*

*J. C. Head,* for appellee.

The South Carolina court was a court of general jurisdiction; it had jurisdiction over the subject matter and person, and its judgment, however erroneous, is final and conclusive, unless reversed or set aside by a higher court. *Sec. 160, Code S. C.; 11 Ark., 157; 3 Wheat, 234; 7 Cr., 481; 1 Smith, L. C., pp. 826–831; Freeman on Judg., secs. 118, 119, 120, 126; 12 Ark., 218; 11 id., 731; 21 id., 117; McNamara on Nullities, side p. 137; Const. U. S., art 4, sec. 1; Mansf. Dig., p. 156, sec. 1; Freeman Judg., secs. 122, 124.*

PER CURIAM: The answer did not allege want of juris- PLEADING. diction of the person or subject matter of the controversy, but only error in the exercise of jurisdiction, if error at all. We cannot inquire into that subject. The demurrer was rightly sustained.

Affirmed.

BATTLE, J., did not sit in this case.