62    439
81    462

## HALL *v*. MELVIN.

### Opinion delivered May 23, 1896.

JUDGMENT—JURISDICTION—COLLATERAL ATTACK.—Where a bill shows no cause of action against the defendants with reference to the subject-matter of the suit, and tenders no issue with them, but, on the contrary, shows that there never could be any issue with the defendants, a decree based upon such a bill is a nullity, no matter how attacked.

SAME—VALIDITY.—A decree in favor of the grantee of the widow of an intestate, quieting his title to land of the intestate, rendered upon a warning order against unknown heirs, is void on collateral

as well as direct attack, where the bill does not show that the title of the heirs had been divested; since, if there are heirs, plaintiff is entitled to no relief, the title being in them; and if there are no heirs, there is no one to serve, no title to quiet, and the court had no jurisdiction.

Appeal from Pulaski Chancery Court.

DAVID W. CARROLL, Chancellor.

### STATEMENT BY THE COURT.

One Valentine Melvin died seized of a certain tract of land, which was his homestead. His widow, Rebecca Melvin, while occupying it, married one Bourke, to whom, for a valuable consideration, she conveyed same. Bourke filed a bill in the Pulaski chancery court, setting up the deed from his wife, and alleging that there were no known heirs of Melvin, but that there were unknown heirs, non-residents of the state. He prayed for a warning order against them, and "that upon the hearing the title to plaintiff to said lands under his said conveyance from Rebecca Bourke, *nee* Melvin, be held good as against the said unknown heirs."

On the 7th of May, 1889, the chancery court rendered a decree quieting the title against the unknown heirs of Melvin. Bourke mortgaged to one O'Doughtery, who assigned said mortgage to appellant McCabe, who sold, under the power in the mortgage and assignment, to appellant Hall, who conveyed a half interest back to McCabe. Appellees, who are non-residents, and the brothers and sisters of Valentine Melvin, brought this suit against appellants to set aside the decree of the court confirming and quieting the title of their grantor, Bourke, and to cancel the various intervening conveyances *supra*, alleging fraud and the want of jurisdiction.

The answer denied the allegations of the complaint. The cause was submitted upon the complaint, answer, and exhibits, and upon an agreed statement of facts,

which, *inter alia* unnecessary to set out, contained a
clause that "the papers and records of this court in the
case of J. J. Bourke *v.* The Unknown Heirs of Valen-
tine Melvin shall be used as evidence." The decree of
the Pulaski chancery court in the case of J. J. Bourke
v. The Unknown Heirs of Valentine Melvin was set
aside by the decree in the case at bar; also, the several
intervening conveyances were cancelled, and the title
to the lands was quieted in appellees. To reverse this
latter decree, this appeal is prosecuted.

*John B. Jones* and *Thos. J. Oliphint*, for appellant.

1. This is purely a collateral attack upon the
former decree. No fraud is proved, and there is nothing
to sustain the allegation of fraud. The decree was not
*void*, but simply erroneous. The court had jurisdic-
tion of the subject-matter and parties, and the decree
is valid, however erroneous, and cannot be attacked col-
laterally, as attempted here. Van Fleet, Collateral
Attack, p. 79-80, 82; 77 Ind. 371; 47 Ark. 31; 11 Wis.
401; 21 Ark. 364; 5 *id.* 424; 46 Wis. 650; 28 Fed. Rep.
410; 70 Ill. 378; 11 Ark. 519; 3 Peters, 193; 55 Ark.
442; 57 *id.* 49.

2. The suit is barred by the seven years statute of
limitations; Mrs. Bourke claiming and holding the lands
adversely, as sole owner, for more than that period.

*Ratcliffe & Fletcher*, for appellees.

1. The complaint of Bourke showed no cause of
action on its face. It was a fraud on the court and its
jurisdiction, and is void either on direct or collateral
attack. It was simply a bill to confiscate another's
land. This cannot be done. 4 Hill, 144-147; 46 Ark.
96; 42 *id.* 77; 33 Ark. 816; Freeman, Void Jud. Sales,
sec. 64; Cooley, Const. Lim. (4th ed.), 438; 53 Fed.
993-4.

2. A decree quieting title only quiets the title set out in the complaint; and, as Bourke set forth no title, the decree was a nullity. 9 Ark. 336; 13 *id.* 491. No issue was made or tendered. 140 U. S. 254; 53 Ark. 307, 312; 55 *id.* 205; 41 Miss. 89; 42 *id.* 506. Such decrees are nullities, even on collateral attack. 24 Atl. 229; 34 N. J. L. 418; 9 Atl. 898-902; 93 U. S. 274, 282, 283; 56 Ark. 422; Newman, Pl. & Pr., p. 688; 83 Va. 232; 44 Oh. St. 503; 27 S. W. 549. See, also, Works, Jur., p. 42; 70 Tex. 588; 27 Cal. 300-313; Van Fleet, Col. Attack, 81.

3. Even if the complaint had shown a cause of action, there is nothing in Mansf. Dig., sec. 4991, which authorizes a warning order of the kind in this case. That statute only refers to "property to be *divided or disposed of in the action.*" Bourke sought no such division or disposition. In other cases, the legislature has provided specially for warning unknown heirs. Gantt's Dig., secs. 3991, 3998; 30 Ark. 719; Sand. & H. Dig., sec. 72.

*John B. Jones* and *T. J. Oliphint*, in reply.

1. The statute provides for notice by publication to unknown heirs, and unknown owners in suits to quiet title and other proceedings. Gould's Dig., ch. 28., p. 219, sec. 7; Sand. & H. Dig., sec. 5681. The heirs were properly warned. The court below found that the notice was sufficient. 24 Ark. 364.

2. It is not true, that unless the complaint on its face shows a good cause of action, the decree is void. 55 Ark. 205. It is enough to show that the case belongs to a class of cases over which the court had jurisdiction. Van Fleet, Collateral Attack, pp. 79-82; 77 Ind. 371; 11 Wis. 401; Freeman, Judg., sec. 118; 14 Wis. 180.

WOOD, J., (after stating the facts). The decree was correct. The Pulaski chancery court had no power

to confirm and quiet the title in J. J. Bourke to the lands in suit between himself and the unknown heirs of Valentine Melvin, for the all-sufficient reason that Bourke shows affirmatively in his bill, not only that he had no title to quiet, but that the title was in the parties sued. Sec. 2476, Sand. & H. Dig., provides: "If there be no children, or their descendants, father, mother, nor their descendants, or any paternal or maternal kindred capable of inheriting, the whole shall go to the wife or husband of the intestate." Under this section, Rebecca A. Melvin, as the widow of Melvin, could only have become the owner in fee, provided there had been no heirs of Melvin in existence, known or unknown. Bourke, as her grantee, only acquired such title as she had. So, as strange and paradoxical as it may seem, we have here the anomalous spectacle of one asking that a title be confirmed and quieted in him, which he shows to be in another. "Plaintiff says he believes there are unknown heirs of Valentine Melvin, non-residents of this state," is the language of the bill, and he prays for and obtains a warning order against them. And then, without alleging a single fact that would work a divestiture of their title, he asks that it be confirmed and quieted in him. It should require no argument or citation of authority to show that a decree in favor of the complainant, based on such a complaint, is a sort of juridical monstrosity. The learned chancellor who rendered it in the first instance did so doubtless through inadvertence. He was evidently misled; and it was but to be expected that he should promptly annul what had been done, as he did, when he discovered the real status of the case upon which he had passed.

The decree was void, and will be so treated, whether attacked by direct or in a collateral proceeding. Where a bill shows no cause of action against the defendant with reference to the subject matter of the suit, tenders

<em>When judgment subject to collateral attack.</em>

no issue with them, but, on the contrary, shows that there never could be any issue with them, the complaint not even being susceptible of amendment to show an issue, a decree based upon such a bill is a nullity, no matter how attacked. *Windsor* v. *McVeigh*, 93 U. S. 274; *Munday* v. *Vail*, 34 N. J. L. 418; Newman, Pl. & Pr., 688; *Stewart* v. *Anderson*, 70 Tex. 588; *McMinn* v. *Whelan*, 27 Cal. 300; *Spoors* v. *Coen*, 44 Ohio State, 503; *Seamster* v. *Blackstock*, 83 Va. 232; Works, Jurisdiction, p. 42; 1 Black, Judg., sec. 242.

*When judgment against unknown heirs is void.*

Counsel for appellant have concluded that "if the complaint had nothing in it whatever from which it might be gathered that it was a proceeding to quiet title, the decree might be said to be invalid, for the reason that there would be pending no cause upon which the court acted." Such is the case here. Merely a prayer to quiet title is not enough. This is not like the case of *Williams* v. *Renwick*, 52 Ark. 160. It is not merely a failure to state a cause of action, but an affirmative showing of no cause of action.

The court has jurisdiction of the subject-matter of quieting titles, but here there is no colorable presentation of the facts necessary to bring this case within that class of cases. *Railway Company* v. *State*, 55 Ark. 200.

As authority for bringing this action, counsel for appellants invoke section 5681, Sand. & H. Dig., which is as follows : "Where, in an action against the heirs of a deceased person as unknown heirs, or against other persons made defendants as unknown owners of any property to be divided or disposed of in the action, it appears by the complaint that the names of such heirs, or any of them, of such other persons are unknown to the plaintiff, a warning order, as directed in the last section, shall be made by the clerk against such unknown heirs or owners." This section has no application to the case at hand; for, if there be heirs, the court as above shown would

have no power to grant the relief sought, the title in such case necesssarily being in them. Whereas, if there be no heirs, no service could be had, for there would be no one to serve, and the court would be without jurisdiction. Besides, if there were no heirs, there would be no cloud upon the title to remove, and no suit could be brought or would be necessary for that purpose. No authority can be found for bringing such a suit as was brought in the case of Bourke *v.* The Unknown Heirs of Valentine Melvin.

Other questions are presented, but it is unnecessary to discuss them.

Affirmed.