HASTINGS vs WHITMER.

Opinion delivered June 6, 1899.

1   *Cherokee Laws—Executions Under.*

Section 226, of Art. 10, of the Compiled laws of the Cherokee Nation, 1892, made illegal the levy of an execution and the sale, thereunder, of improvements on the public domain of such nation, and a sale of such improvements under an execution issued out of a Cherokee court is void.

2.   *Cherokee Court—Dismissal—Res Judicata.*

A dismissal of a suit to recover from the sheriff, the possession of improvements upon the public domain of the Cherokee Nation; which he has levied upon under execution, will not be treated as res judicata by the United States Court in the Indian Territory, when such improvements were at the time exempt under the Cherokee laws.

Appeal from the United States Court for the Northern District.

WM. M. SPRINGER, Judge.

Action by J. R. Hastings against Felix Whitmer and others. Judgment in favor of defendants sustaining demurrers, Plaintiff appeals. Affirmed.

This was an action in ejectment brought by the plaintiff and appellant, J. R. Hastings, against the defendants and appellees, to recover "the possession of an improvement on the public domain of the Cherokee nation, consisting of about one hundred acres inclosed and improved land, with house and appurtenances thereon, located on Coal creek, near the crossing of the St. Louis & San Francisco Railway, in Cooweescoowee district, Cherokee nation,' and for the sum of $1,000, claimed as damages for the unlawful detention of said premises   The plaintiff and appellant, J. R. Hastings, claiming title to said improvements by virtue of a sale under writ of execution by Ed. Adair, sheriff of Cooweescoowee district, in the case of Melissa A. Dawson, as plaintiff, against W. A. Dawson, as defendant.   Melissa A. Dawson brought suit for a divorce in the district court of Delaware district, Cherokee nation, against W. A. Dawson, and in that cause a decree was entered dissolving the marital relations between her, the said Melissa A. Dawson, and the said defendant, W. A. Dawson, and judgment was also rendered in said action in favor of the plaintiff, Melissa A. Dawson, and against the defendant, W. A. Dawson, in the sum of $1,500 for alimony.   Upon this judgment there was issued a writ of execution, which was delivered to the sheriff of Cooweescoowee district, and under this writ the said sheriff levied upon the improvements above described, and sold the same at public sale to J. H. Aiken and E. C. Boudinot, who afterwards transferred whatever right they had to these improvements to one W. W. Hastings, and the plaintiff and appellant in this cause claims title under a conveyance executed by the said W. W. Hastings.   The plaint-

iff's amended complaint in this cause sets out his title as above, and he also attached to his amended complaint the records of the Cherokee court in the suit of Melissa A. Dawson against W. A. Dawson. The defendants and appellees appeared by their counsel, and demurred to the plaintiff's complaint, alleging that his said amended complaint did not state facts sufficient to constitute a cause of action, nor did it state facts sufficient to entitle the plaintiff to the relief prayed for in his action. The defendant Dawson also excepted to the documentary evidence attached to the plaintiff's complaint, and demurred to the evidence of plaintiff's title as shown by the writings and documents attached to the plaintiff's amended complaint. The court below sustained defendant's demurrer to plaintiff's amended complaint, and also his exceptions to the documentary evidence attached to the plaintiff's amended complaint and his demurrer to the evidence of plaintiff's title, and, the plaintiff refusing to plead further or to amend his complaint, judgment was rendered in favor of the defendants and against the plaintiff, dismissing this cause, with costs. An appeal was prayed in the court below, and granted.

*Thompson & Hastings, Geo. E. Nelson,* and *Fears & Bailey,* for appellant.

*Wm. T. Hutchings* and *Preston C. West,* for appellees.

THOMAS, J. The appellant's brief in this cause does not contain any assignment or assignments of error, as required by the rules of this court; but the two propositions or principles of law which seem to be involved are the following:

1. Did J. H. Aiken and E. C. Boudinot, who purchased the improvements in the suit at the sheriff's sale, ob-

(22)

tain any title or right to the possession of the same which they could legally transfer to the plaintiff and appellant in this action?   It is conceded virtually by the counsel representing the respective parties to this action that the law of the Cherokee nation prohibits a levy upon, or sale of any improvement upon, the public domain of the Cherokee nation, owned by a citizen of that nation, under a writ of execution, and that such improvements are exempt from levy and sale under writ of execution.   It appears from the record in this case that, after the writ of execution had issued out of the Cherokee court to enforce the payment of the sum of $1,500 which had been adjudged to Mrs. Melissa A. Dawson, the sheriff levied the writ upon the improvements and premises in controversy in this suit, and advertised the same for sale.   The execution debtor, W. A. Dawson, then instituted an independent suit in the Cherokee court against the sheriff to recover from him the possession of these same improvements which he had levied upon, alleging that the levy was illegal.   The sheriff, having been served with process in this latter suit upon the day and at the time he was making the sale, returned the writ of execution, certifying that he had levied upon these improvemonts and sold them to J. H. Aiken and E. C. Boudinot for the sum of $325; ''but, as the said sale was being made, the said W. A. Dawson placed in my hands for service a citation and attachment for the possession of said place, which said citation and attachment were against me and in favor of said Dawson.   *   *   *   . I therefore declined to receive the said money from the said J. H. Aiken and E. C. Boudinot, or to deliver over to them the possession of the said premises, until the determination of the said suit as aforesaid. ''   In this case against the sheriff he appeared by his attorneys, Boudinot & Aiken, and moved to dismiss it for the following reasons:   ''First, that there is no legal service shown on the citation; second, that the record of the court will show that the improvement sued

for was sold by the said defendant under an order of this court (an execution), and the verdict of this court could not set aside a former action by the same court, or suppress an execution therefrom." This motion to dismiss was sustained by the court, and an appeal was taken to the supreme court of the Cherokee nation, and that court sustained the judgment of the lower court in the following language: "This court sustains the ruling of the lower court, and the case is dismissed at the plaintiff's costs."

2. It is also contended by counsel for appellant that, inasmuch as the matter was litigated in the Cherokee courts between W. A. Dawson and the sheriff in the cause of Dawson against the sheriff, and the judgment of the Cooweescoowee circuit court in dismissing the action having been sustained on appeal by the supreme court of the Cherokee nation, the judgment of that court, whether right or wrong, would be conclusive between the parties to that action and those claiming under them, and that the principle of res adjudicata would apply; the appellant here claiming under the sheriff, and the appellees, Felix Whitmer and George Ash, claiming under their co-defendant, W. A. Dawson. At the time this writ of execution was levied by the sheriff upon these improvements, and sold, the law of the Cheroke nation prohibited and made illegal such a levy and such a sale under a writ of execution. Compiled Laws of the Cherokee Nation 1892, art. 10, § 226, entitled "Execution." The law of the Cherokee nation at that time also provided that actions for divorce should be conducted in the same manner as other actions in courts, and the court shall have power to enforce its judgments as in other cases. Id. pp. 346, 347, entitled, "Marriage and Divorce." The lawmaking power of the Cherokee nation had seen fit to prohibit the various courts of the nations from enforcing judgments of this character by levying upon improvements and selling them in order to satisfy a writ of execution which might be issued

upon such a judgment, and this prohibition extended even to the supreme court of the Cherokee nation itself.  Mr. Justice Field,  in the case of Windsor vs McVeigh, 93 U. S. 274, among other things, said:  "Though the court may possess jurisdiction of a cause, of the subject-matter, and of the parties,  it  is  still  limited  in its modes of procedure, and in the  extent  and  character  of its judgements.  It must act judicially in all things, and cannot, then, transcend the power conferred by law."  See, also, 1 Black, Judgm. 242; Ex  parte Lange, 18 Wall, 163;  Hall vs Melvin, (Ark.) 35 S. W. 1109;  Seamster vs Blackstock, (Va.) 2 S. E. 36;  Reynolds vs Stockton, (N. J. Err. & App.) 10 Atl. 385.  The sheriff clearly did an illegal act and committed a trespass when he levied the writ of execution in the case of Melissa A. Dawson against W. A. Dawson upon the improvements sued in the case at bar, and the conveyance executed by him under that writ of execution was absolutely void, and conferred no title upon Aiken & Boudinot, or to the plaintiff and appellant in this cause, who claimed under them.  We are therefore of the opinion that the judgment of the trial court in sustaining the defendants demurrer to the plaintiff's amended complaint, and in sustaining the appellee W. A. Dawson's exceptions to the documentary evidence attached to the plaintiff's complaint, and in sustaining his demurrer to the evidence of title of said plaintiff as pleaded by him and attached to his said amended complaint, and in entering judgment against the appellant dismissing his complaint, with costs, was proper, and is affirmed.