HARRIS *v.* STEWART.

Opinion delivered October 22, 1898.

1. ATTACHMENT—SUCCESSIVE LEVIES.—The fact that a third person has intervened in an attachment suit and executed a forthcoming bond for the attached property is no reason why such property should not be subsequently levied upon in another suit and sold as the property of the attachment debtor. (Page 571.)

2. FRAUD—COLLUSIVE JUDGMENT.—A judgment collusively entered into between an attaching creditor and an intervener, who executed a forthcoming bond for the attached property, with intent to defraud a junior attacher, is voidable at the latter's instance in a collateral proceeding. (Page 573.)

Appeal from Lafayette Circuit Court.

CHAS. W. SMITH, Judge.

W. W. Stewart brought suit against S. L. Harris, sheriff of Lafayette county, and alleged that on the first day of July, 1893, a suit was brought against Alex Stewart by S. G. Dreyfus & Co., and a writ of attachment was issued, and a large lot of personal property was taken into the possession of the sheriff under said writ, among said property there being four log wagons of the value of $250. That on the 28th day of July, 1893, W. W. Stewart interpleaded, alleging that said attached property was his property, and not that of A. Stewart, and on the same day entered into a bond, with surety, conditioned that if the property, on the trial of such interplea, be found to be the property of A. Stewart, and judgment was recovered against said A. Stewart, said W. W. Stewart would deliver said property to the sheriff, whenever demanded by him after execution upon such judgment came to his hands to be levied thereon; that, on the trial of said interplea, judgment was rendered against said W. W. Stewart, this interpleader. That afterwards on the —— day of November, 1894, S. L. Harris, as sheriff, under an execution issued upon a judgment in favor of one J. F. Looney against A. Stewart,

levied upon, advertised for sale, and did sell four log wagons for the sum of $250, the identical wagons seized under said attachment suit, and for which the said W. W. Stewart interpleaded and gave bond. That on the 4th day of December, 1894, the said S. L. Harris, as sheriff, under an execution issued upon the judgment of S. G. Dreyfus & Co. against A. Stewart, demanded of W. W. Stewart the return of the property included in said interplea, of which the four wagons levied upon and sold by said Harris, as sheriff, under said execution in favor of J. F. Looney against A. Stewart, was a part. That, in consequence of said seizure and sale by said sheriff under said Looney execution of the four wagons, the said W. W. Stewart could not deliver said property in accordance with his bond, and was compelled to pay to S. G. Dreyfus & Co. the sum of $250, the value of the said four wagons. That said four log wagons seized and sold by said Harris, as sheriff, as the property of A. Stewart, was the plaintiff's property, and not subject to said sale and seizure. That said four wagons were worth $250, and that, by virtue of said seizure and sale of said wagons, the said W. W. Stewart has been damaged in the sum of $250; and prays for judgment for said sum with interest, costs and other relief.

On the 28th day of January, 1895, J. F. Looney was made a party defendant, and his appearance entered.

On the 31st day of January, 1895, S. L. Harris, as sheriff, and J. F. Looney filed their answer to the complaint. In the first paragraph they deny that, in consequence of the seizure and sale of four log wagons by the defendant, Harris, as sheriff, under an execution in favor of J. F. Looney against A. Stewart, the said W. W. Stewart, plaintiff, was compelled to pay to S. G. Dreyfus & Co. the sum of $250, the value of said wagons, or any other sum whatever. They deny that said four log wagons seized and sold by defendant, Harris, as sheriff, as the property of A. Stewart, was the property of the plaintiff, W. W. Stewart, and not subject to said seizure and sale under said execution; they deny that, by virtue of said seizure and sale of said wagons, the plaintiff, W. W. Stewart, has been damaged in the sum of $250, or any other sum whatever.

In the second paragraph of their said answer, as a further

defense, the defendants allege that on the 3d day of July, 1893, defendant, Looney, commenced an action in the Lafayette circuit court against one A. Stewart for the recovery of $190 due upon contract, and made and filed in said court his affidavit and bond for a general order of attachment against the property of said A. Stewart; that said order was, on said 3d day of July, 1893, by the clerk of said court, duly issued, directed and delivered to the then sheriff of the county, commanding him therein to attach and safely keep the property of A. Stewart in his county not exempt from execution, or so much thereof as will satisfy the claim of said Looney for $190 and $30 for the costs thereof. That, under and by virtue of said writ of attachment, said sheriff forthwith levied upon and attached in his county a stock of merchandise, five log wagons, a two-horse wagon and thirteen stock horses, being the same property then in his possession and custody, under a levy and attachment previously made on said day, under an order of attachment issued out of the Lafayette circuit court in a suit then therein pending, wherein S. G. Dreyfus & Co. were plaintiffs and the aforesaid A. Stewart was defendant. That, on the 28th day of July, 1893, W. W. Stewart made and delivered to the sheriff his affidavit that he was the owner of the property attached as aforesaid, and that the same was not liable to seizure on the order of attachment issued in said suit of S. G. Dreyfus & Co. against A. Stewart. That thereupon the sheriff chose two citizens of Lafayette county, where the writ was levied, who, on their oath, ascertained the value of said property so attached and claimed by the said W. W. Stewart to be $3,288. That thereupon said W. W. Stewart gave bond with security, in favor of S. G. Dreyfus & Co. in the sum of $6,660, conditioned that he would interplead at the July, 1893, term of the court, and prosecute such interplea to judgment without delay, and if, on the trial of such interplea, the said property shall be found to be the property of the defendant, A. Stewart, the property shall be delivered to said sheriff or his successor in office, whenever demanded, which said bond was approved by the sheriff, and, together with the affidavit, was by him returned with the writ issued in said suit of S. G. Dreyfus & Co. against said A. Stewart. That no affidavit of ownership of said

property or any part thereof, nor claim that the same was not liable to seizure on the order of attachment issued in the suit of J. F. Looney against A. Stewart as aforesaid was ever made and filed in said suit by the said W. W. Stewart, the plaintiff herein. That on the 27th day of July, 1893, judgments were duly rendered in this court against A. Stewart in favor of S. G. Dreyfus & Co. for $1,438.05 and J. F. Looney for $190 and costs and interest, and the attachments in said suits were sustained, subject to the rights of the said W. W. Stewart, as same might be hereafter determined; that one year after the rendition of said judgment, to-wit, on the 26th day of July, 1894, the interplea of W. W. Stewart, the plaintiff herein, in the suit of S. G. Dreyfus & Co. against A. Stewart, came on to be heard in this court, and, by consent of the parties, the court found "in favor of the plaintiffs, S. G. Dreyfus & Co., and against the interpleader, W. W. Stewart; that the property described in the return to the order of attachment in said suit, to-wit, the stock of merchandise, the five log wagons, the two-horse wagon and the thirteen head of stock horses, is and was subject to the attachment; that all of said property is and was of the value of $1,000; that, at the time of filing the interplea in said suit, said interpleader executed an interpleader's bond in said suit in the sum of $6,660, conditioned as provided by law, and retained possession of said attached property, and the court adjudged that said property be delivered to the sheriff, and if not delivered then, the clerk to issue execution in favor of the plaintiff against the obligors on the bond in the sum of $1,000," and half the costs expended. That on the —— day of November, 1894, an execution against the property of A. Stewart, based upon the judgment of J. F. Looney, was issued in due form of law by the clerk of this court, directed and delivered to the defendant, S. L. Harris, as sheriff of Lafayette county, for service, whereby he was commanded to satisfy the same out of the property of said judgment debtor subject to execution; that on the —— day of November, 1894, the said S. L. Harris, as sheriff, under and by virtue of said execution, levied upon the identical four log wagons previously levied upon and attached under the writ of attachment issued in the suit of Looney against A. Stewart, as

hereinbefore set forth, and which said attachment was by this court sustained, and all which said property was adjudged subject and liable to seizure and sale under said attachment levy on the trial of the interplea of the plaintiff herein; and after due advertisement, the said sheriff sold the said four log wagons to satisfy said execution in favor of J. F. Looney; and which said levy and sale constitute the levy and sale alleged, but which four log wagons so levied upon and sold, these defendants aver, were at the time subject to said levy and sale under the said execution.

And for a further defense, the defendants aver that the finding and judgment by consent, on the trial of the interplea set up in the complaint, as the ground upon which the plaintiff relies to recover in this action, was fraudulently intended, by the parties to said consent finding and judgment, to prevent and defeat the defendant, Looney, from subjecting any of said property in question in said action, to the payment of the judgment debt aforesaid, and thereby cheat and defraud him out of the same; that said finding and judgment was erroneous and void as to defendants, in this, that the court was without jurisdiction—first, to find the value of all the property claimed by the interpleader in said action to be $1,000, or any other and different sum than $3,288, the value of the same as ascertained and determined by appraisers duly appointed by the sheriff for that purpose, as provided by law; and, second, to adjudge the entire property to be subject exclusively to the lien of Dreyfus & Co., the first attaching creditor, for said sum of $1,000; that said property was of the value as appraised, and, if surrendered to the sheriff for sale, would have realized a sufficient sum to have paid the judgments of S. G. Dreyfus & Co. and the defendant Looney aforesaid; that if the defendants had not realized and sold the property in the manner and at the time they did, defendant Looney would have wholly lost· his judgment, as said property was about to be fraudulently removed from this state, and the judgment debtor had no other property in this state out of which said debt could have been made.

The court sustained a demurrer to the second paragraph

of the answer upon the ground that it failed to state facts sufficient to constitute a good cause of action.

A witness testified that the four log wagons levied upon and sold by the sheriff under execution in favor of Looney v. A. Stewart are the identical wagons levied upon under the writ of attachment in the suit of S. G. Dreyfus & Co. v. A. Stewart. They were worth $250. The plaintiff paid to Dreyfus & Co. $250, the value of said wagons, on account of execution of his interpleader's bond and by reason of the sale of said wagons under execution on judgment in favor of Looney v. A. Stewart. This was all the evidence given in the case.

The court found that the four log wagons, at the time of the seizure and sale, were the property of the plaintiff, W. W. Stewart; that he was in possession under and by virtue of his interplea and bond in the suit of S. G. Dreyfus & Co. v. A. Stewart; that he was damaged, by their seizure and sale, in the sum of $258.75, and gave judgment accordingly. Defendants have appealed.

*A. H. Sevier*, for appellants.

The demurrer to the second paragraph of the answer should have been overruled. Fraudulent and collusive judgments are void, and are open to collateral attack. ' Black, Judg. §§ 291–293; 68 N. Y. 58. As long as an attachment continues in force, its lien is good against the property levied upon. Drake, Attach. 350; 33 Ark. 70. The sheriff's right to take the property under the second attachment was not affected by the dissolution of the first. Drake, Attach. 355.

*Scott & Jones*, for appellees.

The court properly sustained the demurrer. A levy upon an equity in personal property can not be sustained. 42 Ark. 236; 58 Ark. 289. This was the character of whatever claim Stewart can be said to have had to the property.

Wood, J. The court erred in sustaining the demurrer to the second paragraph of the answer. Assuming, for the purpose of argument, that the allegations of said paragraph are true, it follows that the sheriff acquired control of the property as much by reason of the levy of the attachment in favor of

Looney as of that in favor of Dreyfus & Co., and it was his duty to retain control over it under said writ, as much so as under the attachment in favor of Dreyfus & Co., until he was legally deprived of such control. No bond was given in favor of Looney for the forthcoming of the property, in case his attachment was sustained. Consequently, in contemplation of law, the sheriff still had control of the property under the Looney attachment, when judgment was rendered sustaining same, and when execution was issued. The sheriff had the right to take the property by virtue of the lien of the Looney attachment, and to hold same under that attachment, and, if the appellee desired to retain possession of same against said attachment, he should also have given a forthcoming bond in favor of Looney. Moreover, there was nothing to prevent the sheriff from levying upon the property of A. Stewart, although in the possession of a third party, to satisfy an execution creditor of said Stewart. Because W. W. Stewart had given bond for the forthcoming of said property in an attachment proceeding was no reason why it should not be levied upon and sold under execution as the property of A. Stewart, if it really was his property, as it seems to have been. And, if it was not his property, and W. W. Stewart wished to test that matter, as against the execution creditor, there was nothing to prevent him from giving the bond required by Sand. & H. Dig., § 3088, which is as follows: "The sale of personal property upon which an execution is levied shall be suspended at the instance of any person, other than the defendant in the execution, claiming the property, who shall execute a bond to the plaintiff," etc.

It would not be the province of W. W. Stewart to say "This property is not subject to execution as the property of A. Stewart now, because it has already been attached in my possession as his property, and I have given bond to retain possession of same, and for its forthcoming in that case." That would furnish only the greater reason why he should not suffer the property taken out of his possession under the execution. He could not raise the issue for the prior attaching creditor, or for the debtor, that the property was not subject to execution. That would be a matter for the creditors and the

debtor to settle between themselves. If he claims the property, and wants to retain possession of same until the rights of property are are settled, the law points out the way, whether the property be taken under attachment or execution. Sand. & H. Dig., §§ 406, 3088. When he has pursued neither course, as against the process which is sought to be enforced in favor of Looney, he can not claim that the sheriff and the execution or attachment creditor are trespassers for taking the property of A. Stewart under such process.

Again, that part of the second paragraph of the answer which undertakes to set up that the judgment obtained by Dreyfus & Co. against W. W. Stewart was a fraud as to Looney, although not aptly and clearly stated, was sufficient on demurrer, and constituted a good defense to this action. Looney was not a party to that judgment. If, as can be seen from the statements in this part of the answer, the judgment fixing the value of the property attached and claimed by W. W. Stewart at $1,000 was obtained by the collusion of said Dreyfus & Co. and the said Stewart, for the purpose of enabling the said Stewart to pay off the Dreyfus judgment and retain property of the real value of over $3,000, according to the appraisers, and to remove the same beyond the reach of the sheriff, so that it could not be subjected to the Looney judgment, said proceedings would constitute a fraud against Looney, which he had the right to plead and to establish as a defense to this action. "Judgments," says Mr. Black, "entered into by the collusion or fraud of both parties to the action are void as to creditors, and may be attacked in any collateral proceeding by them." 1 Black, Judg. §§ 291–93.

Whatever this part of the answer lacked in the manner of statement to make it conform to the requirements of good pleading could have been corrected on motion. It showed a good defense. For the errors indicated, the judgment is reversed, and cause remanded with directions to overrule the demurrer, and for further proceedings.