Blackford, J.
This is a bill in chancery certified from the liandolph Circuit Court. The object of the bill is to correct a *206 mistake in a title-bond as to the description of the land, ano to obtain a specific performance of the contract.
The bill states that the complainant, in 1833, bought of John A. Brannon, one of the defendants, a certain tract of land, paid part of the purchase-money at the time, and gave his notes for the residue; that the complainant took from the vendor a bond, conditioned for a title on payment of the purchase-money; that there is a mistake in the condition of the bond as to the description of the land; that the complainant took possession of the land intended to be purchased, made improvements, and continues in possession; that he has paid the purchase-money and demanded a deed.which was refused. The bill also states that, long before the said purchase, the vendor paid for the land, at the land office, with his own money, and, to defraud the complainant, took the certificate for the land in the names of the other defendants, his infant children, in whose names the patent has issued; that the vendor concealed from the complainant the fact that the title was in the names of the children ; and that Brannon, the vendor, is insolvent. Prayer that the mistake maybe corrected; and that the vendor and his infant children may be decreed to convey, &c.; or that the purchase-money be refunded, &c.
A guardian ad litem answered for the infants in the usual form; and the other defendant made default. The cause was submitted to the Court upon an exhibit and depositions. The complainant obtained a decree for a conveyance of the land, saving to the infants the right to show cause against the decree when t,hey should come of age, &c.
Afterwards, in 1838, two of the defendants, who were *infants when the decree was rendered, on coming of age, filed a new and further answer to the bill.(1) This answer denies that the father of these defendants paid his own money for the land, or that he concealed from the complainant that the certificate was in the names of the children, and avers that the complainant, before his purchase, knew that the certificate was in their names. This answer also states that, since the decree, the complainant, with intent *207 to defraud, these defendants, had sold the land to one Hutchins who had notice of the defendant’s title. Prayer that; Hutchins he made a party, that the sale to him be set aside, and for general relief.
Hutchins filed an answer admitting his purchase, but alleging that it was for a valuable consideration, and without notice of the defendant’s claim. He states that he gave his notes for the purchase-money which have not been paid.
The cause, at this stage, was certified to this Court, and several depositions have since been taken.
It is clearly proved that the complainant, Stanley, had full notice, at the time of his purchase, that the certificate for the land was not in the name of the vendor, but in the names of his infant children. Some of tlie witnesses told Stanley, before his purchase, that the title was in the names of the vendor’s children. ,. Stanley answered that he did not care for that, as the father had promised him that the children, when they should come of age, would make him, Stanley, a deed for the' land. It even appears that, before the purchase, the vendor had shown Stanley the certificate for the land, which was in the names of the children. It was also proved, that Hutchins had notice of the situation of the title before his purchase from Stanley. There is. also some evidence tending to show, that the land was paid for with money received by the father from the sale of land, which had been conveyed to his wife, the mother of the children, before her marriage.
If it be considered that the father, John A, Brannon, paid for the land in dispute with his own money, still no trust in his favour resulted from that circumstance. The purchase, in that case, must be viewed as an advancement to the children, and not as creating a resulting trust for the father. 2 *Sugd. on Vend., 141. It is decided that such a gift is not within the statute of 27th of Eliz., against fraudulent conveyances, and fhat therefore á subsequent purchaser, though bona fide, will not be relieved against it. Lady George’s case, 3 Cro., 550, cited; 2 Sugd. on Vend., 146. And if such- gift be not within the English statute, it can not be *208 within ours, the statutes being substantially the same. Rev Stat., 1838, p. 225. But if such gift were within the statute, the complainant, in the case before us, could not take advantage- of it, because he had notice, before his purchase, that the certificate was in the names of the children. He was not therefore a bona fide purchaser, and can not claim the benefit of the statute. We are aware that this is not the English doctrine, but it accords with that of the Supreme Court of the United States. Cathcart et al. v. Robinson, 5 Peters, 264.
G. B. Tingley, for the complainant.
J. Smith and J. S. JSfewman, for the defendants.
It is evident, therefore, that the complainant has no claim to a conveyance of the land. If he has any right to damages for a breach of the condition of the bond, he must have recourse to an action at law.
The defendants who filed the new answer made Hutehins a party, and put interrogatories to him, by virtue of the statute regulating the practice in chancery. Hutehins relies upon the circumstance, that his purchase was made after the decree in favour of his grantor’s title, and whilst that decree was in force. We give no opinion as to the law, where a complainant having obtained a decree against defendants who are all adults, sells the land, and the decree is afterwards reversed, that not being the case now before us. Here all the defendants but one were infants when the decree relied on by Hutehins was rendered; and the right of the infants to show cause against the decree when they should come of age was expressly saved by the decree. Such a decree, at all events, can be no protection even to a bona fide purchaser from the complainant, where the infants, under the right reserved, cause the decree to be set aside.
We are of opinion that the former decree in this cause musí-be set aside, and the suit, so far as Stanley is concerned, be dismissed for want of equity. We are also of opinion, that the conveyance to Hutehins is void
*Decrec accordingly for the defendants, with costs.

 Wliere a decree has boon made against an infant defendant, who put in *209 the common answer by his guardian, the general rule is, that such defendant, on coming of age, has the privilege of putting in a new answer stating a dif* ferent case, and of going into evidence in support of that case.
But foreclosure suits are not within the rule. An infant may be foreclosed, and can not, in showing cause, travel into the account, but can only show error in the decree. Kelsall v. Kelsall, 2 Mylne and Keene, 409.