RANKIN *v.* SCHOFIELD.

Opinion delivered December 2, 1905.

1. APPEAL—FORMER OPINION AS LAW OF CASE.—The opinion of this court on a former appeal herein is the law of the case, and can not be re-examined, modified or set aside. (Page 462.)

2. JURISDICTION—DEFINITION.—Jurisdiction may be defined as the right to adjudicate concerning the subject-matter in the given case, to constitute which there are three essentials: first, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; third, the point decided must be in substance and effect within the issue. (Page 462.)

3. DECREE—WHEN NOT RESPONSIVE TO ISSUES.—Where a complaint in a partition suit alleged, and the answer in effect admitted, that the lands were divisible, but the issue was as to who were the heirs of the decedent, a decree of the court directing that the property be sold for division, without hearing evidence to determine who were the heirs, and whether the lands were susceptible of division, was without the issue. (Page 462.)

4. INFANCY—COMPROMISE DECREE—VALIDITY.—A compromise decree entered with the consent of the guardian of an infant defendant, but without the concurring sanction of the court, was rendered without the infant's consent, and, where rendered without the issues in the case, was absolutely void. (Page 463.)

5. JUDICIAL SALE—VALIDITY.—A purchaser at a judicial sale under a void judgment acquires no title. (Page 463.)

6. INFANCY—RIGHT TO SHOW CAUSE AGAINST DECREE.—Under Kirby's Digest, § 6248, providing that an infant, within twelve months after arriving at the age of twenty-one years, may show cause against any order or judgment against him, a decree against an infant does not become absolute until expiration of the time allowed to show cause. (Page 463.)

7. SAME.—While mere irregularities or errors in the proceedings of the court will not invalidate a sale of an infant's land to a stranger, although the infant applies to set the decree aside within the time allowed by Kirby's Digest, § 6248, such sale will, on application in due time, be set aside upon a showing that the decree was void. (Page 464.)

Appeal from Woodruff Circuit Court; *Thomas B. Martin,* Special Judge; affirmed.

STATEMENT BY THE COURT.

In 1882 Betty Gibson obtained in the Woodruff Circuit Court

a decree of divorce from her husband, J. N. S. Gibson, known as "Spott" Gibson, on the ground that he was insane. The decree gave Mrs. Gibson the custody of their child, Sallie Spott Gibson. On the 5th day of April, 1884, Gibson died in Woodruff County, leaving an estate of personal and real property. On the 27th day of the same month L. D. Snapp was appointed administrator of the estate, and took charge of it. On the 2nd day of of July, 1886, Octavia Mitchell and others, sisters and nephews of Gibson, filed a complaint in equity in the Woodruff Circuit Court against Sallie Spott Gibson, her guardian, J. P. Fourshee, and her mother, Bettie Harwell, wife of W. A. Harwell, formerly wife of Gibson. Plaintiffs alleged that they were the heirs of Gibson, that Gibson at the time of his marriage was impotent, and so remained, and that the child, Sallie Gibson, was not Gibson's child, but was the natural child of some person unknown to plaintiffs, and that J. C. Fourshee had been appointed her guardian. They further alleged that Mrs. Harwell was not entitled to dower in Gibson's estate, that the personal estate of Gibson had been administered, that only $631 of debts of the estate remain unpaid, and that the administrator held possession of the lands of the estate. They prayed that the rights of the plaintiffs to the land be determined by the court, that a commissioner of the court state an account showing the amount of debts of the estate for which the lands of the estate are bound, and that, upon payment thereof by the plaintiffs or an extinguishment thereof by the rents of the lands, the lands be partitioned between plaintiffs according to their rights, and "for all other and proper relief."

Sallie Spott Gibson appeared by her guardian, J. P. Fourshee, and filed her answer, in which she denied the allegations of the complaint, and alleged that she was the legitimate child of Gibson and Bettie Harwell, and their only heir, and prayed that the complaint be dismissed, and "for such other relief as she may be entitled to."

Mrs. Bettie Harwell also filed an answer in which she denied that Gibson was impotent, and alleged that Sallie Spott Gibson was the legitimate child of herself and her former husband, Gibson, and entitled to estate, subject to dower and homestead rights. She admitted the decree of divorce, but alleged that it

was void, and did not affect her rights in the estate of Gibson. She asked that the complaint be dismissed for want of equity, and that "'commissioners be appointed to lay off the homestead, giving her 160 acres of the land and the mansion house and one-third of the remaining portion of the land during her natural life, and for such and further relief as she may be entitled to."

The depositions of many witnesses were taken, bearing on the question as to whether Gibson was impotent or not at the time of his marriage to Bettie Fourshee and afterwards, and whether or not he was the father of Sallie Spott Gibson. Some of the witnesses testified positively that Gibson had been castrated before his marriage and was impotent. Others testified positively to the contrary.

On hearing, the court, after counsel had argued the case, took the matter under consideration. Before he announced his decision the parties came to an agreement, and a decree was then entered by consent. The decree, after reciting the allegations of the complaint and denials of the defendants, proceeds as follows:

"And it appearing that numerous depositions have been taken, and the litigation herein is likely to be long and tedious of family matters; now, therefore, in order to put an end to litigation, and as an amicable adjustment and settlement of a family affair in regard to the descent, inheritance and settlement of the right of plaintiffs and defendants in regard to all the real and personal estate of the said J. N. S. Gibson in the hands of said administrator, it is hereby ordered, considered and decreed by the court, as well as by the consent and agreement of all parties hereto, both plaintiff and defendants, that said estate be equally divided, giving the plaintiffs one-half thereof, and the defendants, Sallie Spott Gibson and Bettie Harwell, as their rights may appear, the other half, and that the administrator file a settlement of said estate, including the rents of 1889, to be approved in the probate court of Woodruff County; that said lands be sold by W. E. Ferguson as special commissioner, etc."

This decree was rendered in February, 1889, and the land was sold by a commissioner appointed by the court at public sale in 1889 to L. B. McDonald. The sale was duly reported to the court and confirmed, and a deed conveying the lands to Mc-

Donald was executed by the commissioner and approved by the court in February, 1892.

When Sallie Spott Gibson came of age, she took an appeal from the decree under which the land was sold, and the decree was reversed, and the cause remanded for further proceedings. After the case was remanded Sallie Spott Gibson, who had married Rankin, filed a petition for restitution against Antoinette Bond and other heirs of L. B. McDonald, who was now dead. She alleged that the decree under which McDonald purchased and took possession of the lands owned by Gibson was void, and prayed that she have restitution of the lands owned by Gibson and for an account of all rents and profits received, and that she have judgment therefor.

Antoinette Bond and the other defendants appeared and filed an answer in which they denied that the decree under which McDonald purchased the land was void, but alleged that while it was in full force and effect the land was offered for sale under it by the commissioner of the court, and purchased by McDonald for the sum of $14,050, he paying one-third cash, and the balance in one and two years after the sale; that he was an innocent purchaser for value, that he took possession and made valuable improvements in good faith; and that by his purchase he obtained a good and valid title to the land. They also pleaded the statute of limitations both for seven and five years, and asked that the petition for restitution be denied.

The court found that Sallie S. Rankin was the legitimate daughter of Gibson and his wife, Bettie Gibson, that the decree under which the lands were sold, though erroneous, was not void, and that L. B. McDonald acquired a valid title to the land against all parties to that suit, and gave decree accordingly, from which judgment Mrs. Rankin appealed.

*Gustave Jones* and *Rose, Hemingway & Rose,* for appellant; *H. F. Roleson, P. R. Andrews* and *N. W. Norton,* of counsel.

1. The decision on the former appeal (71 Ark. 172) settled, first, that the decree under which the lands were sold was invalid as a consent decree; second, that it was invalid because it was not the emanation of a judicial mind. That decision is the

law of the case, even if wrongly decided. 63 Ark. 141; 10 *Id.*
186; 13 *Id.* 103; 16 *Id.* 168; 29 *Id.* 174. The lower court had
no authority to review the judgment of this court. 1 Ark. 436;
18 *Id.* 292; 26 *Id.* 17; 5 *Id.* 200; 60 *Id.* 55. This court will re-
view or correct its former decision on second appeal. 14 Ark.
427; 63 *Id.* 141; 67 Id. 483. Appellees are bound by admission
of record as to appellant's legitimacy. 15 La. 363. Such admis-
sion may read in any other suit on any other issue. 68
Ga. 218; 74 Cal. 191; 55 Ark. 85; 54 Am. Dec. 628; 26 Ala.
363; 2 N. C. 420; 1 Green. Ev. § 195; 43 Am. Dec. 300; 11 Md.
396; 27 *Id.* 210; 33 *Id.* 157; 143 U. S. 28; 22 Wall. 32; 50 Ala.
63; 15 Atl. 433. If an offer to compromise contains an inde-
pendent admission of a fact, because it is a fact, it will be re-
ceived. 1 Green. Ev. § 192; 19 La. Am. 362; 43 *Id.* 1062; 13 S.
& M. 443; 63 Pa. St. 24; 20 Am. Dig. column 1086. That the
"family settlement" was void, does not affect the admission. 33
Ark. 593; 48 *Id.* 243; 77 N. W. 908; 44 Pac. 658; 1 Green. Ev.
§ 27. The judgment of the probate court granting letters of
administration to Snapp, if not reversed or vacated, estops the
McDonald from claiming any interest in the estate of Gibson.
13 Wall. 465. Plaintiffs will not be permitted to occupy incon-
sistent positions. 57 Ark. 632; 96 U. S. 267. Whatever was
admitted on former appeal can not be denied on the present ap-
peal. 9 Ark. 532.

A decree procured through fictitious or evasive proceedings
is fraudulent and void. 126 Fed. 119; 54 Pac. 218; 129 U. S.
86. A judgment by confession, to be valid, must be entered in
a court having jurisdiction over the parties and subject-matter.
2 Freeman on Judgments, 547. Consent can not confer jurisdic-
tinn. 49 Ark. 443. Where the record discloses that the court
had no jurisdiction of the proceedings, any judgment rendered in
it is void. 9 Ark. 73; 29 Ark. 188; 38 *Id.* 159. A court of
equity has no inherent power to direct the sale or mortgage of
the real property of infants. 42 N. E. 11. Such sale is void, and
passes no title. 6 Hill, 415; 75 S. W. 232; 29 S. E. 1014; 59 S.
W. 862. The power to sell the lands of an infant depends upon
the Constitution or on statutes. 47 N. Y. 27; 80 S. W. 797.
The requirements of the statute providing the method by which
an infant's lands may be sold must be strictly pursued to vali-

date such sale. 12 N. E. 592; 65 N. Y. 294; 75 Ga. 95; 39 Ark. 237. Equitable jurisdiction can be exercised only where the relief offered by the probate court is inadequate or imperfect, or where its proceedings have miscarried through fraud, accident or mistake. 49 Ark. 55. Constitution of 1874 fixed exclusive jurisdiction in probate courts. 51 Ark. 167. Chancery has no jurisdiction to convert the real estate of an infant into personalty, and a decree for that purpose is void on its face. 16 S. W. 1096; 16 S. W. 1096. So also a sale for any purpose is not authorized by statute. 117 Fed. 105; 19 Atl. 535; 34 Ark. 63; 50 Ark. 222; 92 Mo. 422. A decree which is not in response to the issues made or relief sought is void. 34 N. J. L. 418; Kirby's Digest, § 6249; 29 S. E. 1014; 29 Ark. 650; 43 *Id.* 467; 60 *Id.* 599; 62 Ark. 443; 93 U. S. 282; 55 Ark. 565; *Ib.* 205; 78 N. W. 485; 34 Atl. 68; 20 Cal. 352; 30 Mich. 336; 65 Pac. 465; 2 Dev. & B. Eq. 37; 2 Hill, S. C. 51; 73 Ill. 415; 65 Pac. 153; 43 Atl. 483; 82 Ill. Ap. 153; 92 Tex. 486; 40 Ark. 287. Judgments are conclusive only of matters that were directly in issue. 42 Me. 429; 26 Ind. 378; 4 Iowa, 199; 12 Conn. 365; 77 Iowa, 523. An infant cannot consent to a decree of partition. 30 So. 257. Where improved lands are held adversely, or where the title is in dispute, they are not subject to partition. 27 Ark. 92; 40 *Id.* 155; 70 *Id.* 432; 44 *Id.* 334; 47 *Id.* 238; 56 *Id.* 399. Where the lands are in possession of the administrator for the payment of debts, there can be no partition until administration is disclosed and debts are paid. 43 Conn. 556; 35 N. W. 693; 41 *Id.* 1065; 59 *Id.* 52; 33 N. J. Eq. 77; 11 S. E. 1068; 4 Tex. 285. Appellant, holding adversely to all plaintiffs, could not be made a party to suit for partition. 63 Miss. 99; 139 Fed. 481; 34 S. W. 525; 16 Ind. 479; 29 *Id.* 527; 82 Ky. 502; 30 La. Ann. 139. Averment of seizure and possession by plaintiffs is essential to maintain partition. 2 Edm. Sol. Cas. 385; 56 How. Pr. 193; 43 N. C. 25; 89 N. C. 151; 14 R. I. 9. Court can not decree a sale until after commissioner's report showing necessity therefor. Kirby's Digest, § 5785; 70 Ill. 309; 29 S. W. 495.

2. Everyone claiming under a decree is bound by notice of all facts shown by the record. 4 Sand. Ch. 1; 68 Fed. 48; 50 Ark. 327; 58 Ark. 267; 42 N. E. 6; 12 Ark. 286; 69 Ark. 448. A purchaser becomes a party to proceedings resulting in a judi-

cial sale. 103 Ind. 555; 84 *Id.* 585; 97 *Id.* 463; 36 *Id.* 592. Possession by the administrator was notice to L. B. McDonald and to the defendants in the petition for restitution. 14 Ark. 75; 2 Crawford's Digest, column 1339; 69 Ark. 167. The burden is on the purchaser to prove want of notice. 56 Ark. 537; 12 *Id.* 286. A purchaser at a sale under a void judgment acquires no title. 58 Ark. 186. The statute (Kirby's Digest, § 6248) is notice to the world in cases where it applies, and there can be no innocent purchaser in such cases. 70 Ark. 415. A purchase of land at a judicial sale by a party to the suit will be void if on appeal the decree under which it is made is vacated or set aside. 54 Ark. 239. The principal is charged with notice of his agent's knowledge. 21 Ark. 22; 29 *Id.* 99. One who has possession under a decree that has been reversed may be dispossessed by a writ of restitution, though he may claim under an independent title. 83 Cal. 384.

*Otis W. Scarborough, J. M. Moore,* and *W. B. Smith,* for appellees.

1. Refusal of the probate court to appoint E. S. McDonald administrator would estop him only, and not the collateral kindred of Gibson, who were not parties to the proceeding. 3 Wall. 175; *Id.* 190; 4 Strobh (S. C.), 352. Its effect would be to exclude him and let his co-claimants in for the entire estate if they maintained their claims. 152 U. S. 301 & 314; 47 Fed. 547-549; 11 Paige, Ch. 81. Co-heirs do not claim through one another, and there is no privity between them. 23 Ga. 309; *Ib.,* 332; 49 Tex. 444.

A purchaser at a judicial sale becomes a party to the proceeding for all orders necessary to compel the perfecting of his purchase, and to be heard on all questions arising thereafter affecting his bid. 136 U. S. 95; 26 C. C. A. 171; 152 U. S. 594. He is only a party for the purpose of protecting his rights under the decree. 15 C. C. A. 439, and cases cited; 36 Ark. 605.

The rule that the decision of an appellate court upon a question of law arising in a case becomes a part of the law of the case applies only to the questions that are before it for decision. 52 Ark. 473; 47 C. C. A. 637; 85 Am. Dec. 403; 87 Am. Dec. 518. A consent decree by way of compromise approved by the court

on investigation is binding upon an infant. 2 D. G. J. S. 373; 6 Beav. 363; 155 Mass. 363.

Heirs may have partition of lands in the hands of an administrator. 19 Mich. 121; 39 N. W. 297; 26 So. 936; 41 N. H. 501; 19 Atl. 668; 7 Paige, 551. Possession of the administrator is not adverse to his heirs. 18 Ark. 495; 28 Id. 20; 53 Id. 559. It was necessary to a settlement of the trust that the rights of all parties should be settled in that proceeding. 57 Ark 236. Where the court of law is incompetent to do full and complete justice, a court of equity may rightfully take jurisdiction, and especially so in cases of concurrent jurisdiction. 29 Ark. 619; 23 Ark. 339; 59 N. W. 54; 110 Mo. 575; I Story's Eq. § § 531, 532. Where, by reason of any equitable element, a court of equity acquires jurisdiction, it will retain it for the settlement of all rights between the parties, so as to do complete justice. 37 Ark. 292; 48 Id. 312; 46 Id. 96. Mere irregularities in statutory proceedings for the sale of land do not render the sale void, or subject to collateral attack. 19 Ark. 499; Ib. 515; 31 Ark. 74; 38 Ark. 78.

Compromises are favored, as tending to prevent litigation and quiet title. 2 White & Tudor, Leading Cases in Eq., Part 2, p. 1703 et seq. and notes. Such compromises are especially favored if in settlement of family disputes. 91 Am. Dec. 761; 42 Id. 447; 81 S. W. 633; 79 Id. 751; 100 N. W. 7; 3 Swanst. 339; Ib. 470; I Atk. 2.

Chancery has general jurisdiction over persons and property of minors. 33 Ark. 428; 44 Miss. 648; 53 Ark. 43; 45 Id. 46; 38 Ark. 410.

A minor becomes a ward of the court whenever brought before it for any purpose as a party to a suit or other proceeding. 3 Pomeroy, Eq. Jur. § 1305; L. R. 10 Eq. 530; 3 K. J. 213; 68 N. E. (Ill.) 451; 46 Ala. 418; 35 Ind. 474; Walker's Chancery, Mich. 314. Chancery has power to compromise litigation and order sale of infant's real estate, whenever in the judgment of the court it is beneficial to the infant. 44 N. Y. 249; 33 N. C. 616; 3 Dessaus. (S. C.) 18; I Rich. Eq. (S. C.) 401; 45 Ark. 41; 38 Ark. 406; 53 Ark. 37; 55 Ark. 485.

2. After confirmation the rights of a stranger purchasing at a judicial sale will be protected. 20 Ark. 583; 40 Ark. 46;

18 *Id.* 53; 49 *Id.* 397; 34 Ark. 579. If he purchase under a decree while in force, he will be protected, though the decree may afterwards in a direct proceeding be set aside. 40 Ark. 46; 1 Black on Judgments, § 265; *Id.* 193; 2 Freeman on Judgments, § 513; 90 N. C. 199. The purchaser is not bound to inquire whether irregularities or errors intervened in the action of the court. 16 Wall. 202. When the jurisdiction of the subject appears, the proceedings are presumed to have been regular. 26 Ark. 421; 42 Pac. 93; 95 U. S. 391; 145 Ill. 517. A consent decree by way of compromise is binding on an infant until reversed, though there may have been no previous inquiry to ascertain it was for the infant's interest. 2 De G. J. and S. 373; 1 Brown's Ch. Rep. (Eng.), 425; 52 Tex. 194; 155 Mass. 108; 3 A. K. Marsh. 253; 29 Mo. 315; 3 Dev. ( N. C.), 214; 3 Johnson's Ch. 367; 101 Ill. 185; 57 Miss. 193; 3 Ohio St. 389; 61 Ala. 304; 68 N. E. 149, 451, 453.

L. B. McDonald alone was purchaser at the sale, and was not chargeable with the knowledge of E. S. McDonald. 1 Hill, 568. Had they been joint purchasers, notice to one would not be notice to the other. 65 Tex. 708; 92 Ill. 391; 86 Ill. 69; 2 Barbour, 281.

3. Appellant was barred by statute of limitations, which commenced to run from confirmation of sale. 22 Ark. 486; *Ib.* 178; 58 Miss. 514.

*Gustave Jones, Rose, Hemingway & Rose, N. W. Norton, H. F. Roleson* and *P. R. Andrews,* for appellant, in reply.

1. This court has decided that the decree was not valid (1) as a compromise, (2) as a decree, and (3) that the court below purposely avoided investigating the merits. 70 Ark. 83; 71 *Id.* 168. No court, either probate or chancery, has power to sell an infant's land for mere conversion into money. Kirby's Digest, § § 3794, 3801.

Judgments import absolute verity, and can not be varied by parol evidence. 11 Ark. 368; 14 *Id.* 9; 20 *Id.* 641; 11 *Id.* 578; 33 *Id.* 475; 43 *Id.* 320; 86 S. W. 672.

2. If the court has no jurisdiction, a sale under its decree is void, and can be attacked collaterally. 2 Heisk. 384; 20 D. C. 134; 14 Barb. 336; 24 La. Ann. 251; 4 So. (La.) 328. If

the decree is not based on one of the grounds mentioned in the statute, it is void. 117 Fed. 105; 46 S. E. 605; 83 Va. 232; 14 Mo. App. 592; 15 N. J. Eq. 239; 2 Brewster, 609; 14 Fla. 544.

In this State the chancery court has no general power to sell the lands of an infant. 3 Ark. 531; 48 Id. 544; 50 Id. 222; 67 Ark. 239; 34 Id. 71; 33 Id. 581; 49 Id. 55; 50 Id. 39; 36 Id. 390; 40 Id. 441. It is a power not inherent in the chancery court, but is derived solely from the statute. 65 S. W. 850; 5 Sneed, 665; 1 Head, 357; 4 Comst. 257; 55 Ala. 297.

3. That the purchaser paid a fair price for the land is of itself no defense. 23 Ark. 266; 32 Id. 255.

A purchaser is charged with notice of every fact shown by the records, and is presumed to know every other fact which an examination suggested by the records would have disclosed. 171 U. S. 629; 93 Id. 165; L. C. E., 2 Vol. 153; 4 R. I. 173; 82 Ill. 538. Whatever puts a purchaser on inquiry is equivalent to notice. 14 Ark. 69.

Even if L. B. McDonald purchased without notice, his defense has no standing. 136 Fed. 5; 6 Blackf. 197; 29 Ark. 94, and cases cited; 4 Dana, 98; 16 Ark. 168; 35 Conn. 250; 70 Ark. 416.

4. Neither the minor nor her guardian being present nor represented by counsel at time of confirmation, there was no confirmation, and therefore no sale. The five years statute could not apply. 69 Ark. 539. The decree being void and the sale a nullity, the statute does not apply. 85 Mo. 526; 6 Kan. 73; 8 Id. 677; 5 Id. 509; 46 Ark. 106; 61 Id. 41; 55 Id. 218; Ib. 198; Ib. 84; 50 Id. 126; 53 Id. 204; 54 Id. 667; 67 Id. 43; 32 Id. 132; 33 Id. 820; 35 Id. 508; 44 Id. 292; 51 Id. 397; 61 Id. 160; 34 Fed. 701; Cooley, Const. Lim. 474.

Where two or more disabilities exist at the time the right of action accrues, the limitation does not attach until all are removed. Kirby's Digest, 5089. Appellant was under disability of infancy and coverture, which latter continues. She is not barred. 51 Ark. 297; 62 Ark. 316; 3 Johns. Ch. 138; 42 Ark. 305; 47 Id. 558; 64 Id. 412; 67 Id. 322; Ib. 95; 54 Id. 236.

RIDDICK, J., (after stating the facts.) This is an appeal from a decree denying a petition for restitution of lands sold under a former decree, which the chancellor held to be erro-

neous but not void. . It is well settled, when lands are sold under a valid decree and purchased by one not a party to the proceedings who pays the purchase price and receives a deed to the lands, that the purchaser will be protected in his purchase, even though the decree under which the lands were sold be reversed and set aside on appeal. The mere fact that there were errors in the proceedings leading up to the decree is a matter of no moment, so far as the purchase is concerned, if the court had jurisdiction of the parties and the subject-matter and power to make the decree. Nor would the case be different if the purchaser had notice of such errors, for otherwise it would not be safe for any one to purchase at a judicial sale that was liable to be reversed on apepal. For on a reversal it could always be said that by an examination of the record the purchaser could have ascertained the errors. Learned counsel for appellant have discussed the doctrine of innocent purchaser at some length and with much spirit and force, but that doctrine has very little application to this case, for this is not the case of one who purchases from a fraudulent grantor with notice of the fraud, or of one who buys land from one having the record title with notice of an outstanding title. Notice in such a case renders the position of the purchaser no better than that of the grantor. But the purchase here was made at a judicial sale where errors do not affect the validity of the sale, and where notice thereof does not affect the purchaser. It is sufficient for the purchaser at such a sale to know that the court had jurisdiction and power to order the sale. If the court has power under a decree to order the sale, and a purchaser buys at a sale made under the decree, then, if the sale is confirmed by the court, and the purchaser pays the price and receives a deed, it is immaterial, so far as he is concerned, whether there were errors or not, for his title will not be affected by them. *Moore* v. *Woodall,* 40 Ark. 42; *Boyd* v. *Roane,* 49 Ark. 397; *England* v. *Garner,* 90 N. C. 197; *Cocks* v. *Simmons,* 57 Miss. 193; *Marks* v. *Cowles,* 61 Ala. 304; 1 Black on Judgments, 265.

It follows that the main question to be determined in this case is whether or not the court had the power to make the sale at which McDonald purchased this land. The suit in equity in which the decree for the sale of the land was made was

.brought by certain relatives of J. N. S. Gibson, who claimed to be his only heirs at law, against Sallie Spott Gibson, now Mrs. Rankin, who, then an infant of tender years, was supposed to be the daughter of Gibson, and against Bettie Harwell, who had been the wife of Gibson, but had secured a divorce and married Harwell. The complaint alleged that Sallie Spott Gibson was not the child of Gibson, but the natural child of some man unknown to the plaintiffs, and that neither she nor her mother had any interest in the lands left by Gibson. Plaintiffs prayed that their rights be determined, that the lands be partitioned among them according to their rights, and for all other proper relief. The defendants filed an answer, denying the allegation of the complaint, and asked that it be dismissed. Mrs. Harwell also asked that commissioners be appointed, and that her dower and homestead rights be assigned and set apart for her, and both defendants asked for all such other relief as they were entitled to.

In the first place, the fact that the administrator was in possession of the lands did not in our opinion affect the jurisdiction of the court to decree a partition of the lands of the estate among the heirs on payment of the debts of the estate by them. The administrator had been appointed over two years, the amount of the debts were known, and, upon the heirs paying or offering to pay the debts, the court had the right to partition the land among them, for the holding of the administrator was not adverse to the heirs, and the fact that no one was in possession of the lands holding.adversely to the heirs made it necessary for these claimants to go into a court of equity to have their respective rights and interest determined. *Trapnall* v. *Hill,* 31 Ark. 345; *Davis* v. *Whittaker,* 38 Ark. 435. As the defendants were also claiming the land, and as neither the plaintiffs nor the defendants were in possession, a court of equity was the proper forum to determine their rights. And if it was found that the land was, owned by both plaintiffs and defendants, then a court of equity, in order to do complete justice and settle all controversies between the parties arising out of the land, could order a partition thereof between them. The equity courts of this State have the power, independently of the statute, to make partition of lands, and incidentally to

order a sale thereof when a sale is necessary to do justice between the parties. *Patton* v. *Wagner,* 19 Ark. 233.

When it is alleged and proved that the best interests of both parties will be subserved by a sale of the land, the court may order a sale without first appointing commissioners to pass upon the necessity of a sale. The failure to appoint commissioners certainly does not affect the jurisdiction of the court or the validity of the sale. If that was an irregularity, it can not be urged against a judgment on collateral attack, which is the only matter of importance to be considered in this case. *Bell* v. *Green,* 38 Ark. 78.

The question as to whether a court of equity has power to order a sale of an infant's lands for investment or for other causes, when it clearly appears that such a sale would be to his benefit, has been much discussed by the courts. Such power was not exercised by the English courts of equity, and many American courts follow the English rule that a court of equity has no power, by ordering the sale of an infant's land, to convert it into personal property or to make any disposition of the inheritance that will bind the infant.

The English rule is said by some courts to be founded on the wide difference that existed "under the law of England between realty and personal property with respect to their enjoyment and devolution, passing as they did in different lines of succession, and being capable of disposition by will at different ages." The opinion of quite a number of American courts that these considerations should have little weight in the United States, where the differences between realty and personalty in these respects have been almost wholly obliterated, has led them to reject the English rule, and to hold that in this country courts of equity have the power to sell or mortgage the lands of infants for their benefit. This jurisdiction is exercised cautiously, and never unless it is clearly made to appear that a sale will be to the decided advantage of the infant.

The cases bearing on this question have been reviewed and the law clearly stated on this point by Mr. Stewart in an extended note to the recent case of *Richards* v. *Ry. Co.,* 6 Am. & Eng. Dec. in Eq. (1st series), 488. The question was considered by this court in *Shumard* v. *Phillips,* 53 Ark. 37, where

Chief Justice COCKRILL approved the statement of Chancellor Cooper in *Gray* v. *Barnard,* 1 Tenn. Ch. 298, to the effect that the rule was based mainly on the minor's want of power to convey, and the "fact that the court was unable to supply him with the power or to authorize another to do for him what he could not do for himself." But he said that "in this State the difficulty of divesting the title had been remedied by a statute— a vestige of the ancient practice remaining in allowing the infant one year after reaching majority to show cause against a judgment in certain cases." The reasoning of that case seems to support the contention that in this State the courts of equity have power to order the sale of an infant's land, though the court declined to state whether the Constitution of 1874 took away the jurisdiction of equity over the persons and estates of minors, and so left the question undecided.

But we regard it as unnecessary to determine that question in this case, for it has always been the rule, both in this country and in England, that courts of equity have the power, where the decree is by consent, to order the sale of an infant's real estate in proceedings for the partition of lands, or when necessary to secure or protect the rights of other parties. *Davis* v. *Turvey,* 32 Beav. 554; *Hubbard* v. *Hubbard,* 2 Hem. & M. 38; *Thorington* v. *Thorington,* 82 Ala. 489; *Bent* v. *Miranda,* 8 N. Mex. 78; *McGowan* v. *Lufborrow,* 82 Ga. 523; *Shaffner* v. *Briggs,* 36 Ind. 55; In re *Simmons,* 55 Ark. 485.

A judgment of that kind may be entered by the consent of the parties, even though an infant be a party to the proceedings; and where the infant is properly represented, he will be as much bound by such a decree as an adult. For an infant is ordinarily bound by acts done in good faith by his solicitor or counsel in the course of a suit to the same extent as a person of full age is bound. As a matter of course, before pronouncing a decree by consent against an infant, the court should make inquiry and ascertain that the decree will be for the benefit of the infant. But the failure to make inquiry does not affect the jurisdiction or power of the court to render the decree, for it would never do to hold, when a court has jurisdiction of the parties and of the subject-matter, that the mere failure of the judge to properly consider the matter before rendering his judgment invalidated

his judgment and rendered it void. Such a rule would provide a new and effective means whereby judgments could be assaulted and overthrown on collateral attack, and finds little or no support in the adjudged cases. For this reason, while courts should, as before stated, always make inquiry before rendering decrees affecting the property of infants, yet, if the court having jurisdiction does without inquiry pronounce a judgment by consent in a case where an infant is a party, the infant is as much bound by the decree, until set aside by some direct proceeding authorized by law, as if there had been the fullest inquiry and an express determination that the decree was for his benefit. *Thompson* v. *Maxwell Land Grant Co.,* 168 U. S. 451; *Tripp* v. *Gifford,* 155 Mass. 108, s. c. 31 Am. St. Rep. 530; *Walsh* v. *Walsh,* 116 Mass. 377; *Cox* v. *Lynn,* 138 Ill. 195; *Gusdofer* v. *Gundy,* 72 Miss. 312; Fletcher, Eq. Plead. & Prac. § 711; 1 Black on Judg. (2 Ed.), 197.

But it is said that the decree is void in this case because the complaint did not allege that the sale of the land was necessary, and did not ask for a partition of the land against the defendant or for a sale of the land. The plaintiffs, it is true, alleged and contended that the defendant had no interest in the land. They alleged that the lands could be partitioned in kind between themselves, but they asked also for all other proper relief. The answer of Mrs. Harwell, one of the defendants, after alleging that the lands were owned by defendant, and that the plaintiffs had no interest therein, asked for an assignment of the homestead and dower; and, as before stated, both of the answers and cross-complaints concluded with a prayer for general relief. Now, we do not regard it as a jurisdictional defect that the complaint alleged that the defendant had no interest in the lands, and asked for no partition between them; for, under the prayer for general relief, when it was determined that the defendant had an interest in the lands, the court had the right to completely dispose of the controversy, and to order a partition of the lands between them. As an incident to that, it had the right to order a sale of the lands, if necessary to make the partition and to do complete justice between the parties. For, under the prayer for general relief, the parties may have special

relief other than that prayed for by the bill. Fletcher's Eq. Plead. & Prac. 734 & 735; 1 Black on Judg. § 197.

"The court," says Mr. Bliss, "may grant any relief consistent with the case made and embraced within the issue. If the facts put in issue and established by evidence entitled the party to any relief in the power of the court to give, although not that demanded, it is the duty of the court to give it, and its power to do so is not conditional upon the form of the prayer." Bliss on Code Pleading, § 161.

It is clear, we think, that the pleadings in this case were sufficient to authorize the judgment by consent, for that judgment was within the scope of the case made by the pleadings. The judgment being by consent, the pleadings must be treated as amended so as to sustain the judgment. In other words, as the parties could by consent have amended their pleadings, so as to ask for a sale of the land, and to show that it was necessary in order to make partition without prejudice to some of the parties, we must treat this as in effect done when they consented to a decree for partition and to a sale of the land for that purpose. In this collateral attack upon the decree and the sale thereunder we must assume that the parties representing the infant defendant honestly believed that it was to her interest that a decree of that kind should be made, and that the evidence justified this belief. As the court had power to order a sale of the land for partition, such a decree was binding on all parties before the court, infants as well as adults, until reversed or set aside on appeal or in some way provided by law.

We see nothing in this case that justifies the assertion that the parties to the suit in which the decree was rendered committed any fraud upon the court. It was in no sense a fictitious proceeding brought to impose upon the court and secure its judgment by fraudulent methods, but a *bona fide* suit between parties claiming interests in land adverse and hostile to each other. The parties were each represented by learned counsel. After the evidence had been taken and was before the court the parties compromised and agreed to a decree settling their rights because it was deemed the best thing to do under the circumstances. There is not, in our opinion, the slightest ground to hold that there was anything fraudulent or dishonest in the

matter, or that the judgment was void on that account. Nor do we think that the effect of the former decision of this court, when the consent decree was before the court on appeal, was to hold that such decree was void. On the contrary, the language of the court clearly indicates that the judgment of reversal was on the ground of error, and that the court did not intend to hold that the decree was void.

The testimony shows that when L. B. McDonald purchased the land at the sale under the decree he had an understanding with E. S. McDonald, one of the parties to the litigation, that he was to take a one-third interest therein. But E. S. McDonald afterwards declined to take the land, and L. B. McDonald kept the whole tract. We do not think that this agreement in any way affects the right of L. B. McDonald to be protected in his purchase. He was not a party to the suit, nor did he in any sense purchase from E. S. McDonald, but from the commissioner. He paid a fair price, and comes, as we think, fully within the rule which protects such purchasers against the effect of subsequent reversals.

Again, if this sale was void, still the action of plaintiff for restitution of the lands against the heirs of L. B. McDonald, the purchaser at the sale, seems to be barred by the five years statute of limitations applicable to judicial sales. This statute provides that actions for the "recovery of land sold at judicial sales shall be brought within five years after the date of sale and not thereafter, saving to minors and persons of unsound mind the period of three years after such disability shall have been removed." Kirby's Digest, § 5060. This statute, after the time for bringing the action has lapsed, protects the purchaser, even though the sale may have been void. *Cowling* v. *Nelson,* 76 Ark. 146.

In this case the sale was made in 1889, and confirmed in February, 1890. The statute commenced running in favor of the purchaser at that time, and the five years expired before plaintiff became of age in June, 1899. She had, under the statute, three years to bring the suit from that date, but she did not file the petition for restitution against the heirs of L. B. McDonald until December, 1902, more than twelve years after the confirmation decree and more than three years after she arrived at age. For this reason a majority of us think that she

is barred; but, as the case is decided by the other points noticed, we find it unnecessary to go into a full discussion of the question of limitations.

The case has been ably argued, and a large number of authorities have been presented for our consideration. The value of the property involved and the nature of the questions presented are such as to impress us with the importance of this controversy to the parties, but after due consideration thereof we are convinced that the judgment of the chancellor was in accordance with the law, and it is therefore affirmed.

### ON REHEARING.

### Opinion delivered July 2, 1906.

*Gustave Jones, P. R. Andrews, H. F. Roleson, N. W. Norton* and *U. M. Rose,* for appellant; *Rose, Hemingway & Rose,* of counsel.

1. The jurisdiction of each of our courts is derived from the Constitution alone. The Legislature can not change the jurisdiction of the court as prescribed by the Constitution. The jurisdiction of each court in its own peculiar sphere is original and exclusive. 5 Ark. 214; 14 Ark. 545; 3 Ark. 494; 45 Ark. 514; 1 Ark. 257; *Ib.* 275; 5 Ark. 37; 7 Ark. 75. The jurisdiction of the probate court in this class of cases is exclusive. Gantt's Digest, § § 1184, 1185; 44 Ark. 269. In American courts the preponderance of authority is against the exercise of this jurisdiction by chancery courts. 3 Pom. Eq. § 1309; Bispham's Eq. § 550; 6 Am. & Eng. Dec. in Eq. 488, note. The power to sell the lands of an infant is purely statutory, and such sales without strict compliance with the law are nullities. Woerner, Guardianship, § 70.

2. A purchaser under execution or at a judicial sale must take notice of all that appears on the face of the judgment or decree under which he buys. The decree or judgment is an indispensable link in his chain of title. 10 Ark. 181; 36 Am. Dec. 427; 2 Gilman, 151; 1 *Id.* 131; 2 Johns. 281; 13 N. Y. L. 271; 9 Am. Dec. 767; 11 *Id.* 704; 19 *Id.* 225; *Ib.* 535; 16 *Id.* 101; 22 *Id.* 486; 4 Wheat. 506; 23 Fed. Cas. 389; 2 Freeman, Judg. §

509; 30 Ind. 332; 95 Am. Dec. 699; 3 How. 342; 6 Pet. 729. See, also, 98 Am. Dec. 551; 12 *Id.* 225. Wherever a decree shows fraud on its face, a purchaser under it can not be an innocent purchaser. 1 Minn. 183; 3 *Id.* 277; 44 Tex. 517; 9 How. 1.

3. The former decisions of this court in this case are the law of the case, and can not now, after the lapse of the term in which they were rendered, be changed. 5 Ark. 576; 6 Ark. 102; 26 Ark. 214; 56 Ark. 171. In the opinion handed down the court, when, in effect, they hold that a guardian has the power to compromise all suits of whatever kind against his ward, and that the compromise in this case is valid, assert precisely the reverse of what has been twice previously asserted in this case. 71 Ark. 173; 70 Ark. 84. It is plain that no appeal will lie from a consent decree. 2 Enc. Pl. & Pr. 99; 32 Ark. 74.

And it is also plain from the judgment formerly rendered that this court held that the decree appealed from was not valid—was in fact no decree. A judgment rendered now, inconsistent with that heretofore rendered, can be set aside on motion, because void for want of jurisdiction. 14 Ark. 203.

The decree in this case was rendered in 1889. There is no change in its legal effect from what it was on former appeal. Had its recitals been incorrect, plaintiffs would have moved to amend; yet that could not have been allowed, for they were barred of that right by limitation. 4 Ark. 629; 20 Ark. 377; 19 Ark. 16. Such amendment could only be made on proper application and notice. 51 Ark. 323; 20 Ark. 635; 23 Ark. 18; 34 Ark. 300; 72 Ark. 185.

4. The "family settlement" decree was fraudulent. Whenever a judgment is obtained through a violation of duty by a guardian, it is fraudulent in law, may be impeached in chancery, and collaterally. 1 Big. Fraud, 90; Broom, Leg. Max. 341, 736; 93 U. S. 167; 16 Wall. 365; 2 Freeman, Judg. § § 486, 489; 129 U. S. 99; 111 U. S. 667; 17 Ark. 512; 65 Ark. 566; 73 Ark. 281; *Ib.* 444. Confirmation does not condone fraud. 10 W. Va. 143; 23 Gratt. 423. A fraudulent judgment is a nullity, and bars no one. 28 La. Ann. 333; 39 Tex. 168; 33 Ark. 429. A purchaser acquires a valid title under a judgment only when it

is valid on its face, and apparently free from fraud.   72 Ark. 304; 38 Ark. 196.

5.   There can be no decree without judicial action.   1 Big. Fraud, 93; 2 Daniell, Ch. Pl. & Pr. 986; Black. L. D. 841. In this case a judicial investigation was purposely avoided, out of considerations of mere expediency, as was declared by this court.   71 Ark. 173.

The purchaser at a guardian's sale must make inquiry as to the title, and the guardian's authority to sell.   32 Ark. 324. Without the order of a court of competent jurisdiction, a guardian has no authority to compromise in behalf of his ward. Woerner, Guardianship, 184.

6.   The guardian had no power to compromise.   The rights of infants can in no case be affected except upon issues and proof.   39 Ark. 237; 43 Ark. 428; 47 Ark. 456; *Ib.* 300; 31 Ark. 233; 70 Ark. 84; 71 Ark. 173; 97 N. W. 863, and cases cited; 15 Am. & Eng. of L. 57; 47 Ark. 297; 53 Ark. 307; 10 Enc. Pl. & Pr. 589.   The rights of infants can not be confiscated by consent decrees, even without a statute.   1 S. E. 605; 13 S. & M. 137; 9 Humph. 129; 102 U. S. 312; 158 U. S. 146. If a guardian exceeds his authority, even with the consent of the chancellor, the decree is void.   8 How. 669.

7.   The decree is void because not based on the pleadings. 7 Ark. 516; 93 U. S. 282; 55 Ark. 205; *Ib.* 565; 30 Ark. 628; 13 Ark. 188; 11 Ark. 135; 46 Ark. 103; 41 Ark. 394; 12 Ark. 288; 9 Pet. 415; 24 Ark. 381; 29 Ark. 500; 12 Ark. 288; 24 Atl. 229.   Such being the case, it is not material whether L. B. McDonald knew that it was void or not, for "in legal effect it is no judgment.   By it no rights are divested.   From it no rights can be obtained," etc.   58 Ark. 186.   See, also, 62 Ark. 443.

A judgment of a court outside the issues presented is a nullity.   4 Coldw. 621; 93 U. S. 282; 55 Ark. 565; *Ib.* 205; 109 U. S. 267; 68 Fed. 44; 56 Ark. 422; 64 Ark. 301.

In partition proceedings, to give the court jurisdiction to order a sale, it is indispensable to allege that the lands in question can not be divided without loss or injury to the parties.   50 Md. 570; 3 Wend. 15; 55 Ark. 565; 13 Pet. 174; Kirby's Digest, § 3801.   As to the partition proceeding, there was not only a failure to state a cause of action, but an affirmative show-

ing of no cause of action. Therefore the decree will be treated as void, whether atacked directly or in a collateral proceeding. 62 Ark. 443; 11 Wall. 350. Legal presumptions must be based upon facts, and it will not be presumed that the facts are otherwise than as shown by the record. 11 Ark. 236; 56 Ark. 17; 50 Ark. 390; 55 Ark. 216.

8. In the opinion handed down it is intimated that there is a doubt as to whether the rights of appellant are not barred by limitation. They are not barred. An infant may show cause against a decree within twelve months after arriving at the age of twenty-one years. Kirby's Digest, § 6248.

When the Civil Code, of which this section is a part, was adopted, a female attained her majority at the age of twenty-one. Though by the act of 1873 she attains majority at the age of eighteen, the Legislature has made no change in the above section, and the court can not change it. 42 Ark. 308. Nor can it supply any supposed defect in legislation. End. Stat. § § 18, 22. See, also, 49 Ark. 416; 70 Ark. 415. Compare Carroll, Ky. Codes, § 391. When a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled. 42 Me. 55; 1 Pick. 44; Ib. 155; 2 Crawford's Digest, Col. 1713; Ib. Col. 1700. Even if L. B. McDonald should be held as an innocent purchaser, it would be requisite to render a decree against the plaintiffs in the "family settlement" decree for the value of one half of the land confiscated under that decree as prayed in the petition for restitution. 65 Ark. 556. On such a demand the statute does not begin to run until after reversal of the decree. 2 Freeman, Judgts. § 482. The five years statute has no application. It was a part of the Revised Statutes of 1838, while the statute authorizing infants to show cause against judgments went into effect in 1869, and subsequent laws repeal those before enacted to the contrary. Broom, Leg. Max. 27.

*J. M. Moore* and *W. B. Smith,* for appellees.

Examination of our statute, Kirby's Digest, §  6248, and § 391, Ky. Code, cited by appellant, shows that ours is not. a copy of the Kentucky statute, but it is a literal copy of section

386, Civil Code, Ohio. See Swan's Stat. Ohio, 671. The Supreme Court of that State has held that the title of a purchaser of real estate sold by an administrator to pay debts is not divested by a subsequent reversal of the order of sale. 3 O. St. 389. In a proceeding to set aside a sale of the lot of an infant by a guardian under an erroneous order of the probate court, *held* that error did not affect the jurisdiction of the court, nor render the sale void, nor affect the title of the purchaser. 26 O. St. 636; 42 Ohio, 259. It therefore appears that the court of that State did not construe the act of that State as affecting the rights of purchasers at judicial sales, and, unless given that effect, it would not in any way affect the operation of the statute of limitations. Since that statute was passed and the case first cited was decided long prior to the enactment of the statute of this State, this court should follow the Ohio rulings.

The statute has no application to a sale in partition. A judgment in partition is as effective against an infant as against an adult, the only difference being that the infant has a more extended right to set the decree aside upon a showing of merit; but if he succeeds, he can not take the land from an innocent purchaser at the judicial sale. 55 Ark. 492.

The only object of the statute was to extend the time within which an infant might have his remedy. It does not purport to enlarge his rights in other respects, neither was it the intention of the Legislature to impair the sanctity of judicial sales. It follows that the statute can have no application to the statute of limitations applicable to judicial sales.

BATTLE, J. We find, as the chancery court did, that Sallie Spott Rankin, born Gibson, was the legitimate child and sole heir of J. N. S. Gibson, deceased. The plaintiffs in this case, appellees, alleged in their complaint that they were the heirs of the deceased, and that Mrs. Rankin was not. During the pendency of this suit, and while Mrs. Rankin, then Sallie Spott Gibson, was under the age of eight years, the plaintiffs and defendants entered into a compromise, Sallie being represented by a guardian, by which it was agreed that the personal and real estate of Gibson should be divided equally between plaintiffs on one part and Sallie and her mother, on the other part, giving to plaintiffs one half and to Sallie and her mother the other

half. · The decree in question was made in conformity with this compromise.

The compromise on the part of the infant, Sallie, was made without the order or sanction of any court, and without authority. The chancery court neither approved nor disapproved of it, made no investigation to determine whether it should have been made by the guardian, and did nothing to give it life, force or effect. Void in the beginning, the court did nothing to make it valid. According to the opinion of this court, delivered in the case when it was here on appeal the first time, it was void. *Rankin v. Schofield,* 71 Ark. 168. This is the settled law of this case, and can not be re-examined in this suit, modified or set aside: *Pulaski County* v. *Lincoln,* 13 Ark. 103; *Biscoe v. Tucker,* 14 Ark. 515; *Baxter* v. *Brooks,* 29 Ark. 173; *Perry* v. *Little Rock & Ft. S. R. Co.,* 44 Ark. 383; *Vogel* v. *Little Rock,* 55 Ark. 609; *Dyer* v. *Ambleton,* 56 Ark. 171.

The decree of the court was without jurisdiction.

As said in *Railway Company* v. *State,* 55 Ark. 205: "Jurisdiction is defined to be 'the right to adjudicate concerning the subject-matter in given cases.' To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs. Second, the proper parties must be present. And, third, the point decided must be, in substance and effect, within the issue." *Railway Company* v. *State,* 55 Ark. 205; *Windsor* v. *McVeigh,* 93 U. S. 274; *Falls* v. *Wright,* 55 Ark. 565; *Elsey* v. *Falconer,* 56 Ark. 422; *Hall* v. *Melvin,* 62 Ark. 439; *Cowling* v. *Nelson,* 76 Ark. 146; 1 Black on Judgments, 242; Bliss on Code Pleading, § 161.

The plaintiffs, appellees, alleged in their complaint that they were the only heirs of John N. S. Gibson, deceased, and that Sallie Spott Rankin was illegitimate, and was not an heir; that Gibson died seized and possessed of certain lands described in their complaint; and that they (lands) are susceptible of equitable division by metes and bounds among the parties entitled thereto; and asked that commissioners be appointed and directed to lay off to each of plaintiffs his or her proper share in said lands by metes and bounds.

Sallie Spott Rankin, then Gibson, answered and denied that

plaintiffs were the heirs of John N. S. Gibson, deceased, and entitled to the lands described in the complaint; and alleged that she was the only heir of the deceased. The allegation in the complaint that the lands were susceptible of division in kind was not denied.

The issue was, who were the heirs of John N. S. Gibson, deceased, the plaintiffs or Sallie Spott Rankin?

The chancery court, without hearing evidence or finding a single fact, without determining who the heirs are and that the lands were not susceptible of division, divested Sallie Spott Gibson of three-fourths interest in the lands, and created a tenancy in common between the parties, and, in violation of the statute and without authority, ordered the lands to be sold at public sale for division. The decree, in substance and effect, was without the issue. The compromise being void, it was without consent, and was not only erroneous, but void. About such a judgment or decree Mr. Freeman says: "A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one. All acts performed under it and all acts flowing out of it are void. The parties attempting to enforce it may be responsible as trespassers. The purchaser at a sale by virtue of its authority finds himself without title and without redress." *Townsly-Myrick Dry Goods Co.* v. *Fuller*, 58 Ark. 186.

Mrs. Rankin, having appealed from said decree within the time prescribed by law, sought by an appropriate proceeding, within twelve months after she arrived at the age of twenty-one years, to show cause against it. Section 6248 of Kirby's Digest provides: "It shall not be necessary to reserve in a judgment or order the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such a reservation would have been proper, the infant, within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment." In *Blanton* v. *Rose*, 70 Ark. 417, this court held that this statute applies to cases "where the effect of the decree is to divest the infant of

an interest in land." The case before us comes clearly within the provision of this statute.

Under the statute she may, within the time designated, show cause against the decree. She has done so in this case and shown that it is void for want of jurisdiction in the court that rendered it. From this must necessarily follow the results or consequences of such judgment, among which sales made under it are void, and purchasers at such sales acquired no title to her property. As an incident to the right guarantied to her by the statute, she is entitled to recover her property; otherwise the proceeding authorized by the statute is an idle and meaningless ceremony. If this is not its effect, what is the time to show cause worth? This right was reserved by the statute at the time the decree was rendered, and parties purchasing at a sale under the decree took subject to the right and with notice thereof.

Section 6248 is a special or particular statute, providing a remedy in particular cases, and is not repealed or modified by any general affirmative statute, unless it contains negative words or is invincibly repugnant thereto. *Chamberlain* v. *State,* 50 Ark. 132. Under it judgments and decrees against infants do not become absolute until the expiration of the time allowed to show cause. 1 Daniell, Chancery Practice, 165, 175. By it all rights claimed under a void judgment or decree and sales thereunder are held in abeyance until the time to show cause has expired. *Stanley* v. *Brannon,* 6 Blackf. 193. They, of course, can not rise higher than their source. The statute, *ex proprio vigore,* stays statutes of limitations until that time. It wisely and beneficently provides for the protection of the infant. It may be well in this connection to say that "mere irregularities and errors in the proceedings of the court will not, under this statute invalidate a sale to a stranger, or prevent a good title from being made" to him. 1 Danl. Ch. Pr. 168.

Parties purchasing under the decree in question had notice that it was void, and that they acquired no title. It was a link in their chain of title, and they were bound to take notice of it, and that it was void. *Gaines* v. *Summers,* 50 Ark. 322; *Blanton* v. *Rose,* 70 Ark. 415. They are not innocent purchasers.

Reversed and remanded for decree and proceedings consistent with this opinion.

RIDDICK and McCULLOCH, JJ., dissent.

ON SECOND REHEARING.

Opinion delivered December 10, 1906.

BATTLE, J.　Appellees, in support of their motion, cite and rely on the following Arkansas cases: *Boyd* v. *Roane,* 49 Ark. 397; *Trapnall* v. *State Bank,* 18 Ark. 53; *Woodall* v. *Delatour,* 43 Ark. 521; In re *Simmons,* 55 Ark. 492.

In *Boyd* v. *Roane, supra,* it appears that "in 1868 suit was instituted in the circuit court of Jefferson County, in chancery, to foreclose a mortgage upon lands of John Selden Roane, deceased. The widow and heirs at law, and the administrator of the estate of Roane, were made parties defendant to the bill. The heirs were all minors. Process issued for all the defendants in February of the same year; a guardian *ad litem* was appointed by the court for the infant defendants; in January, 1869, a decree foreclosing the mortgage was rendered; a sale was made by the court's commissioner, and A. M. Boyd, the appellant's ancestor and one Walt, became the purchasers. Walt sold his interest in the lands to his co-purchaser, Boyd. * * * The widow's dower was afterwards assigned, and Boyd purchased her interest in the land. He entered into possession of the entire tract. * * * Afterwards he discovered that the description of the land in the comissioner's deed, as well as in the decree of foreclosure, was inaccurate, except as to about 300 acres of the tract; and in September, 1871, he filed a bill in the Jefferson Circuit Court, in chancery, to correct the error and quiet his title. The administrator of the estate and the heirs of Roane, who were still infants, were made defendant; process to bring them into court was regularly served, and a guardian *ad litem* was appointed for the infants, who appeared and answered." The court, after hearing the evidence adduced, corrected the description and quieted the plaintiff's title to the land. In both these suits the court had jurisdiction.

"In 1884, while the youngest heir was still a minor, but more than one year after the next youngest had attained the age of twenty-one years, the heirs joined in a complaint in the Jefferson Circuit Court, in chancery, against A. M. Boyd, to set aside

the two decrees above mentioned, to have an acount for the rents and to oust Boyd of the possession." This court held that this suit, "as far as the infant heirs are concerned, was a statutory proceeding to show cause, while as to the adults it was a bill of review resorted to for the purpose of vacating the decrees to enable them to redeem."

They sought to set aside the decree in the first suit, because they alleged that there was no service of process on any of the parties who were complainants in the last suit, but who were defandants in the suit to foreclose; that there was no defense made for the infants in that suit; that no proof was adduced at the hearing; that the second decree, being in aid of one that was void, could not rectify it. They allege that the second decree was void, because the answer of the guardian *ad litem* was not a proper denial of the allegations of the bill in that case, and because the only proof adduced upon the hearing was by *ex parte* affidavits.

In the first suit the record was silent as to the service of process upon the infant defendants. The court held that the presumption is that process was served upon them, and that it could not be contradicted by evidence *aliunde*.

As to other grounds of the attack upon the decree in the first suit the court said: "The court proceeded erroneously in that suit in pronouncing judgment without a defense from the guardian appointed for the purpose of protecting the interests of the infants, and without proof of the allegations of the bill. * * * But the misconstruction or even the disobedience of the plain provisions of the law in the exercise of jurisdiction once rightly acquired does not make a nullity of the judgment of the circuit court."

As to the second decree the court said: "The infant's only claim for vacating the second decree is for alleged errors in procedure. We are by no means sure that there is any reversible error in the proceedings. But, admitting that there is, the statute provides that the complaint in a proceeding by an infant to vacate a judgment shall "set forth the grounds to vacate or modify it, and the defense to the action, and enacts that "a judgment shall not be vacated on motion or complaint until it is adjudged that there is a valid defense to the action."

In *Trapnall* v. *State Bank,* 18 Ark. 52, a judgment *in per-sonam* against an infant was attacked on the ground that it was rendered against him without first appointing a guardian to defend for him. The jurisdiction of the court was not questioned. The court held that the failure to appoint the guardian did not render the judgment void, but merely voidable; and that it can be avoided only by appeal, writ of error or some other proceeding to set aside.

*Woodall* v. *Delatour,* 43 Ark. 521, was a suit to enforce a lien for taxes advanced by plaintiff to defendants, three of whom were minors. It was alleged that the plaintiff, as agent for the defendants, paid the taxes on the land described, and a tax on personal property, and prayed that the same be charged as a lien on the land described in the complaint. No defense was interposed for the infants; a judgment by default was entered, charging the entire amount of the taxes, personal as well as real, as a lien on the land, and providing for a sale in default of payment. On appeal this court held that the allegations of the complaint were insufficient to establish a charge against the land; in other words that they did not state a cause of action against the infants, and that decree was erroneous on both the grounds mentioned; that is, by reason of their being no defense made for the infants and because the allegations of the complaint were insufficient to support the decree. But the court had jurisdiction. *Woodall* v. *Moore,* 40 Ark. 42. The allegations in the complaint were insufficient, because the plaintiff did not aver therein that he was seized of the lands or had the care of them.

In re *Simmons, supra,* it appears that two heirs brought suit against four heirs for partition of lands descended to them from their father. The defendants were minors. The lands were not susceptible of division, and were sold. Two of the defendants died during minority. The sole question in the case was, did their portion of the proceeds descend as personalty or realty? The decree or judgment in the case was not an attack for error or want of jurisdiction. In that case the court said: "The provisions of the statute regulating proceedings in partition are applicable to infants"; and that a "judgment in partition is as effective against an infant as against an adult, the only difference which the statute makes in

any case being that an infant has a more extended right to set the decree aside for error upon a showing of merits." But *in what cases does the statute authorize a partition?* .Section 5770 of Kirby's Digest provides: "Where lands, tenements or hereditaments shall be held in joint tenancy, tenancy in common, or in co-parenary, however derived or acquired, and whether in fee, for years or for life, any one or more of the persons interested may present to the circuit court a petition praying for a division and partition of such premises according to the respective rights of the parties interested therein, and for a sale thereof, if it shall appear that partition can not be made without great prejudice to the owners." In such cases courts are vested only with jurisdiction to partition lands. They have no jurisdiction to partition the lands of an infant between him and persons who have no interest therein, and such power can not be conferred upon them. The Constitution prohibits it.

A comparison of the opinions in the foregoing cases with the last opinion in this case will show no conflict or inconsistency, The court in the last opinion do not undertake to say that sales to a stranger under an erroneous judgment are invalid. There is a difference between erroneous judgments and judgments or decrees which are void for want of jurisdiction. In the former case the erroneous judgment or decree is valid until it is set aside or reversed by a court of competent jurisdiction, and a sale to a stranger under it before that time is valid. *Boyd* v. *Roane,* 49 Ark. 416. But no rights can be acquired under a void judgment or decree. All acts performed under it and all acts flowing out of it are void. This distinction is plainly shown by the opinions in the foregoing cases and the last opinion in this case.

We have not undertaken to determine the rights of parties to a return of proceeds of sale of lands received by appellant, rents of lands and improvements thereon, or other incidents consequent on the recovery of the same. They were undetermined by the chancery court, and we are without sufficient information to do so. *Nunn* v. *Robertson;* 80 Ark. 351.

The motion for reconsideration is overruled. The decree of the chancery court is set aside, and the cause is remanded with directions to the court to enter a decree herein in accordance with the opinion of this court and for other proceedings.